UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 1:25-cv-20723-JB/Torres**

_____

SUPREME LINEN SERVICES, INC.

     Plaintiff,

     v.

UNITED STATES OF AMERICA,

     Defendant.

_____

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Plaintiff Supreme Linen Services, Inc. (SLS) seeks summary judgment against the United States to recover amounts it paid to the Internal Revenue Service (IRS), which amounts the IRS illegally assessed. Pursuant to the parties' Joint Stipulation of Undisputed Facts (JUMF, ECF 14, also attached here as **Ex. A**), there are no material facts in dispute. The parties agree the only question before the court is whether, as of March 21, 2022, the IRS had authority to assess an "Employer Shared Responsibility Payment" (ESRP) under 26 U.S.C. § 4980H (Internal Revenue Code, or I.R.C.) with respect to SLS's 2018 tax year.

If the IRS had authority, SLS loses.

If, however, on March 21, 2022 the IRS did not have authority to assess the 2018 ESRP against SLS, SLS is entitled to a refund of the amounts it paid, plus interest, and its Motion for Summary Judgment should be granted.

This is purely a case of statutory interpretation. What seems clear to SLS is apparently opaque to the United States. The United States' interpretation may be prejudiced by convenience: convenience to the IRS, or convenience to the Secretary of Health and Human Services (HHS).

1

Before the ESRP may be imposed against an employer, I.R.C. § 4980H, in conjunction with 42 U.S.C. § 18081 requires the HHS first to have "certified to the employer under section 1411 of the [Affordable Care Act (ACA)]" that "at least one full-time employee of the applicable large employer" had "enrolled. . . in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction [was] allowed or paid with respect to the employee." 26 U.S.C. § 4980H(a)(2). The Affordable Care Act, P.L. 111-148, § 1411 is codified at 42 U.S.C. § 18081.

It would be more convenient for the IRS if it had authority to assess an ESRP without first ensuring the HHS met its obligations under Section 1411 of the ACA. However, that convenience would require it to ignore the requirements of 26 U.S.C. § 4980H and 42 U.S.C. § 18081 and come at the expense of an employer's statutory and due process rights under both the Affordable Care Act and the Internal Revenue Code.

Convenience to a government agency is not a factor courts considers in analyzing the intent of a statute. (We must reject a statutory interpretation — and surely one merely serving administrative convenience — when it flouts a legislative edict. *Mullins v. Andrus*, 664 F.2d 297, 309 (D.C. Cir. 1980). Here, there is a legislative edict: a certification under Section 1411 of the ACA must precede an IRS ESRP assessment. This Court should reject any alternative statutory interpretation which flouts this edict and which merely serves the government's administrative convenience.

The HHS did not issue a Section 1411 Certification prior to the IRS assessing the 2018 ESRP. The Letter 226J, which the IRS purports to be a Section 1411 Certification, is not a Section 1411 Certification. It does not meet the requirements to qualify as a Section 1411 Certification. It was required to be issued by the HHS. It was not. It was required to be issued within a reasonable

timeframe. It was not. It was required to give the SLS appeal rights independent of the IRS's appeal rights, among other things. It did not.

Because no Section 1411 Certification was properly issued to SLS, the IRS did not have authority to assess the 2018 ESRP. Accordingly, the 2018 ESRP assessment should be abated and the amount SLS paid towards the assessment refunded, plus interest.

## STATEMENT OF FACTS[1]

SLS has been in business since 2007. JUMF ¶ 5. It started as a small laundry company in a 4,000 square foot warehouse doing party and linen rentals. Id. Between 2007 and 2014, it had no more than 20 full time employees and 20 part-time employees. Id. In 2014, SLS purchased a second warehouse, and its staff grew. Id. ¶ 6. Its growth happened at the same time laws were rapidly changing that affected certain employers and their obligation to offer health insurance coverage to employees.

The Patient Protection and Affordable Care Act (Pub. L. No. 111-148), as amended by the Health and Education Reconciliation Act (Pub. L. No. 111-152) was signed into law March 23, 2010 (the ACA). The ACA was not fully implemented, however, until January 1, 2014, at which time individual and employer responsibility provisions took effect. One such employer responsibility provision is found at I.R.C. § 4980H.

Section 4980H provides when an "assessable payment" (ESRP) may be imposed on an "applicable large employer" when it "fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an employer-sponsored plan." I.R.C. § 4980H(a). During 2018, unbeknownst to SLS, it was an "applicable large employer"

---

[1] Pursuant to Local Rule 56.1(a)(1), SLS includes a separate Joint Statement of Undisputed Material Facts (JUMF). The Joint Statement, attached as **Ex. A**, was also filed at ECF 14. Those facts are summarized here.

3

(ALE) as defined by I.R.C. § 4980H(c)(2)(A). Accordingly, it failed to offer an employer-sponsored plan as required by the ACA between January and July 2018. JUMF ¶ 8, 9.

SLS's failure to recognize it was an ALE was due to its reliance on a reputable human resources professional who claimed to have extensive knowledge of the ACA. Unfortunately, SLS was ill-advised. It was not until around May 30, 2018 (when SLS received Letters 226J from the IRS with respect to its 2016 and 2017 tax years), that SLS became aware it was required to offer health insurance to its full-time employees. Within two months, it procured insurance and began doing so. JUMF ¶ 9, 15, 16. In August 2018, SLS began offering qualifying health insurance to its full-time employees. JUMF ¶ 9.

On or about November 2, 2017 with respect to the year 2018, the HHS first determined an SLS employee was eligible for advance payments of the premium tax credit (PTC) and cost-sharing reductions and had enrolled in a qualified health plan through an American Health Benefit Exchange, as defined under 42 U.S.C. § 18041(c)(1), 45 U.S.C. § 18031(b)(1) and 45 C.F.R. § 155.20 ("Exchange").[1] JUMF ¶ 10. However, for 2018, neither the United States Department of Health and Human Services (HHS) or a federally-facilitated Exchange notified SLS that it determined one of SLS's employees was purportedly eligible for an advance payment of the PTC. JUMF ¶ 11. Further, for 2018, neither HHS nor a federally-facilitated Exchange provided a notice to SLS that:

---

[1] "Exchange" means a governmental agency or non-profit entity that meets the applicable standards of this part and makes QHPs available to qualified individuals and/or qualified employers. Unless otherwise identified, this term includes an Exchange serving the individual market for qualified individuals and a SHOP serving the small group market for qualified employers.

    a.   Identified the SLS employee eligible for an advance payment of the PTC;

    b.   Indicated that the employee had been determined eligible for advance payments of the PTC[2]  and  cost-sharing reductions and had enrolled in a qualified health plan through the  Exchange;

    c.   Indicated that, if SLS had 50 or more full-time employees, SLS may be liable for the tax assessed under section 4980H of the  Code; or

    d.   Notified SLS of the right to appeal the determination.

JUMF ¶ 12.

For the 2018 tax year, SLS was never given the opportunity to appeal the HHS's determination with the HHS or a federally-facilitated Exchange. JUMF ¶ 13. SLS was not offered an appeal in which it could access "the name of an employee and whether or not the employee's income is above or below the threshold by which the affordability of an employer's health insurance coverage is measured." JUMF ¶ 13. SLS believes that none of its employees in 2018, while employed by SLS, lived in a state with a State-based Exchange as defined in 42 U.S.C. § 18031(b)(1). Thus, it did not receive either the notice or appeal rights described above from a State-based Exchange either. JUMF ¶ 14.

On March 5, 2021, the IRS purports to have issued Letter 226J to SLS, proposing an ESRP under I.R.C. § 4980H(a) in the amount of $184,436.82. SLS disputes that the IRS in fact mailed the letter. JUMF ¶ 15. SLS does not have record of receiving it. Id.  On July 5, 2021, the IRS sent a follow-up Letter 5040-J, again proposing the section 4980H(a) tax, and included Letter 22J as an attachment. JUMF ¶ 16. A copy of the Letter 5040J and 226J are at ECF 14-2 and attached hereto as

---

[2] "Advance payments of the PTC" means payment of the tax credit authorized by 26 U.S.C. 36B and its implementing regulations, which are provided on an advance basis to an eligible individual enrolled in a QHP through an Exchange in accordance with section 1412 of the Affordable Care Act. 45 C.F.R. § 155.20. any State-based Exchange provided SLS the notice or appeal rights described in paragraphs 11 through 13, above.

**Ex. B**. On March 21, 2022, the IRS assessed the ESRP against SLS for the 2018 tax year in the amount of $184,436.82. JUMF ¶ 17. SLS fully paid the 2018 ESRP, plus interest, by making payments on May 18, June 13, July 10, August 4, August 31, and October 6, 2023 in the amounts of $30,000, $30,000, $30,000, $30,000, $30,000, and $49,833.33, respectively. JUMF ¶ 19.

On March 14, 2024, SLS filed a Form 843 with the IRS requesting a refund of the amount paid towards the 2018 ESRP. JUMF ¶ 20. A copy of the letter was filed at ECF 14-3 and is attached as **Ex. C**. SLS enclosed a letter with the Form 843 to more fully explain the basis for the refund claim. Id. The Form 843 and letter asserted that the IRS did not provide SLS with the proper certification before assessing the ESRP under I.R.C. § 4980H. Id.

On August 12, 2024, the IRS sent SLS a Letter 5985, denying its refund claim. JUMF ¶ 21. A copy of the letter was filed at ECF 14-4 and is attached as **Ex. D**. In the letter, the IRS explained how it computed the ESRP and addressed SLS' legal arguments. Id. In response to the assertion that the IRS did not provide proper certification to SLS under I.R.C. § 4980H, the IRS wrote:

> The Department of Health and Human Services (HHS) regulations at 45 C.F.R. § 155.410(i)[3] provide that as part of its determination of whether an employer has a liability under section 4980H of the Internal Revenue Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid. The Letter 226J is the ALE's certification under section 1411 of the Affordable Care Act.

The Letter 5985 also provided SLS with an opportunity to request a conference with the IRS Independent Office of Appeals (IRS Appeals) to challenge the ESRP assessment. JUMF ¶ 22. On September 11, 2024, SLS requested IRS Appeals consideration with respect to the IRS's determination that it would not adjust the 2018 ESRP, and thus not issue a refund. JUMF ¶ 23. The parties engaged in an appeals conference and determined a resolution could not be reached. JUMF ¶ 23.

6

The parties agree that the issues in this case are primarily legal in nature. Joint Motion to Set Briefing Schedule, ¶ 3, ECF 15. They agree no additional discovery is needed and that this case is ready to proceed with briefing for cross motions for summary judgment. Pursuant to this Court's Scheduling Order (ECF 16), this Motion is being filed by August 6, 2025.

## ARGUMENTS AND AUTHORITIES

The IRS is a creature of statute. ("An administrative agency is itself a creature of statute." *Guardians Ass'n v. Civ. Serv. Comm'n of City of New York*, 463 U.S. 582, 614 (1983) (O'Connor, J., concurring)). Its very existence is due to a statute. Its authority is created, and is limited by, statute. I.R.C. §§ 7801 and 7803; 26 C.F.R. § 601.101. See generally, *Loving v. I.R.S.,* 742 F.3d 1013, 1021 (D.C. Cir. 2014) ("If we were to accept the IRS's interpretation of Section 330, the IRS would be empowered for the first time to regulate hundreds of thousands of individuals in the multi-billion dollar tax-preparation industry. Yet nothing in the statute's text or the legislative record contemplates that vast expansion of the IRS's authority.")

If words in a statute create a condition to the IRS's authority, the IRS doesn't have authority until such condition is met. That's simple.  The United States wants to complicate things. It argues a Letter 226J constitutes a Section 1411 Certification. In its defense, to agree otherwise would require it to admit the IRS has failed to ensure proper procedures were followed prior to assessing the ESRP since perhaps it first began assessing the ESRP. The IRS has a long history of issuing a Letter 226J rather than waiting for the HHS to complete a Section 1411 certification.[2]

---

[2] As stated in Q&A 57 of the IRS's "Questions and Answers on Employer Shared Responsibility Provisions Under the Affordable Care Act"
Q: "How does an employer know that it owes an [ESRP]?"
A: "The general procedures the IRS will use to propose and assess the [ESRP] are described in Letter 226J." See https://www.irs.gov/affordable-care-act/employer-shared-responsibility-provisions-under-the-affordable-care-act (accessed Jul. 29, 2025)

But doing something wrong repeatedly, albeit pursuant to a long-standing policy or practice, and even pursuant to good faith doesn't make it right. It makes it wrong, repeatedly.

Section 4980H provides when an "assessable payment" (ESRP) may be imposed on an "applicable large employer" (ALE) when it "fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an employer-sponsored plan." I.R.C. § 4980H(a). Section 4980H has two prongs that must be met before the IRS may assess an ESRP. First, the ALE must have failed to offer its full-time employees and their dependents the opportunity to enroll in an eligible employer-sponsored plan for any month. I.R.C. § 4980H(a)(1). Second, at least one of the ALE's full-time employees must have been certified to the ALE under Section 1411 of the ACA as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit was allowed or paid. I.R.C. § 4980H(a)(2).

Here, the second prong was not met. Not one of SLS's full-time employees was "certified to the employer under Section 1411 of the ACA." The IRS merely sent SLS a Letter 226J. However, a certification under Section 1411 has specific requirements. The Letter 226J fails to meet them.

A. **I.R.C. § 4980H requires a certification under 42 U.S.C. § 18081 ("a Section 1411 Certification") before the IRS may assess an ESRP.**

Here, no certification to SLS was issued pursuant to Section 1411 of the ACA. Because there was no prior Section 1411 Certification, the IRS could not have properly assessed the ESRP against SLS.  SLS's liability under I.R.C. § 4980H is contingent upon a prior certification under Section 1411 of the ACA.

Specifically, I.R.C. §4980H(a) states

(a)Large employers not offering health coverage. If—

(1) any applicable large employer fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan (as defined in section 5000A(f)(2)) for any month, and

(2) <u>at least one full-time employee of the applicable large employer has been certified to the employer under section 1411 of the Patient Protection and Affordable Care Act</u> as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee,

then there is hereby imposed on the employer an assessable payment equal to the product of the applicable payment amount and the number of individuals employed by the employer as full-time employees during such month. (Emphasis added).

Both conditions under Section 4980H(a)(1) and (a)(2) must be met before an ESRP may be imposed. The statute contains a classic conditional statement. If the elements of Section 4980H(a)(1) *and* Section 4980H(a)(2) are met, *then* an ESRP may be imposed.

The meaning is plain: there cannot be an ESRP imposed without both the conditions under Section 4980H(a)(1) and (a)(2). Courts presume that a legislature says in a statute what it means and means what it says. *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992). Not only is it clear from the classic conditional statement that both conditions must be met before the IRS may assess an ESRP, but the language in the statute used the past-tense when it wrote "has been certified." To give effect to the term "has been certified," then "prior certification, or the notices completed by HHS through the Exchange under ACA §1411, must take place before the IRS enters the picture." *Faulk Co., Inc. v. Becerra*, 777 F.Supp.3d 714, 721 (N.D. Tex., 2025) (appeal pending). There was no certification, or even a notice issued to SLS, before the IRS entered the picture.

9

In interpreting a revenue statute, the Eleventh Circuit begins with the test, "assigning its terms their ordinary meaning at the time Congress adopted them." *Est. of Keeter v. Comm'r of Internal Revenue*, 75 F.4th 1268, 1279 (11th Cir. 2023) ("This ordinary-meaning canon is our "most fundamental semantic rule of interpretation." *Ruiz v. Wing*, 991 F.3d 1130, 1138 (11th Cir. 2021) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 69 (2012)). Other courts have applied a narrow strict interpretation of tax statutes. But the Eleventh Circuit "decline[d] the invitation" to do so, "save for a handful of special circumstances." *Est. of Keeter v. Comm'r of Internal Revenue*, 75 F.4th 1268, 1279 (11th Cir. 2023). Instead, the court explained, their role is to give statutes a "fair reading." Id. citing *Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1120 (11th Cir. 2022) (quoting Scalia & Garner, *supra*, at 3). Regardless of whether this Court gives Section 4980H a "strict interpretation" or a "fair reading," the results are the same.

To treat a Letter 226J as meeting the requirements of a Section 1411 Certification would render the words "under Section 1411" in I.R.C. § 4980H meaningless. All the requirements and due process rights extended to an employer under Section 1411 would likewise be rendered meaningless. So what does it mean that "at least one full-time employee of the applicable large employer has been certified to the employer under section 1411 of the Patient Protection and Affordable Care Act"? To answer that question, we look to Section 1411 of the ACA. This provision is codified at 42 U.S.C. § 18081.

**B.  <u>Only the HHS or an Exchange can issue a Section 1411 Certification.</u>**

To be "certified under Section 1411 of the ACA," a Section 1411 Certification must be issued by either the HHS or an Exchange. 42 U.S.C. § 18081(e)(4)(B)(iii) provides:

> Employer Affordability – If the Secretary [of Health and Human Services] notifies an Exchange that an enrollee is eligible for a premium tax credit under section 36B of title 26 or cost-sharing reduction under section 18071 of this title because the enrollee's (or related individual's) employer does not provide minimum essential coverage through an employer-sponsored plan or that the employer does provide that coverage but it is not affordable coverage, <u>the Exchange shall notify the employer of such fact</u> and that the employer may be liable for the payment assessed under section 4980H of title 26. (Emphasis added).

Nowhere does the statute allow the IRS to issue a Section 1411 Certification. A Treasury Regulation is consistent with this interpretation when it defines a "Section 1411 Certification." Treasury Regulation (26 C.F.R.) § 54.4980H-1(40) states:

> The term Section 1411 Certification means the certification received as part of the process established by the Secretary of Health and Human Services under which an employee is certified to the employer under section 1411 of the Affordable Care Act as having enrolled for a calendar month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee.

Neither the statutes (42 U.S.C. § 18081, 26 U.S.C. §4980H) nor the definition of a Section 1411 Certification under the Treasury Regulation contemplate that the IRS can supplant the authority given to the HHS and the Exchange and create its own Section 1411 Certification.

This argument was specifically rejected during the notice-and comment period before the ACA regulations were promulgated. A comment and response state:

> *Comment*: One commenter suggested the IRS, and not HHS, effectuate the notice described in § 155.310(h) because (1) IRS has information about employers subject to free rider assessments, and (2) IRS maintains a database of employer contacts for the transmission of sensitive personal information . . ..

> *Response*: Section 1411(e)(4)(B)(iii) provides that this notice must be provided to employers by Exchanges in connection with certain eligibility determination. It is not within the discretion of the Secretary to shift responsibility for provision of this notice to the IRS . . ..

77 F.R. 18310 at 18357 (Mar. 27, 2012).

11

It is not disputed that neither the HHS nor the Exchange issued a Section 1411 Certification to SLS. JUMF ¶¶ 11, 12, 13, 14. This fact alone makes the IRS's 2018 ESRP assessment invalid.

C. **The Section 1411 must be issued within a reasonable timeframe. Even assuming, _arguendo_, the IRS could issue a Section 1411 Certification, the Letter 226J was sent more than 3 years after it could have been. Thus, it is not a "Section 1411 Certification."**

SLS was not notified of its ACA non-compliance for the 2018 year within a reasonable time frame. Even assuming, _arguendo_, the IRS could issue a Section 1411 Certification, the Letter 226J does not constitute a Section 1411 Certification because it was not issued within a reasonable timeframe. The regulations at 45 C.F.R. § 155.310 require the Exchange notify an employer "within a reasonable timeframe" after it determines an employee is eligible for advance payment of the premium tax credit. 45 C.F.R. § 155.310(h).

This regulation provides, in part:

> The Exchange must notify an employer that an employee has been determined eligible for advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange within a reasonable timeframe following a determination that the employee is eligible for advance payments of the premium tax credit and cost-sharing reductions in accordance with § 155.305(g) or § 155.350(a)  and enrollment by the employee in a qualified health plan through the Exchange. (Emphasis added).

45 C.F.R. § 155.310(h).

On or about November 2, 2017 with respect to the year 2018, the HHS first determined an SLS employee was eligible for advance payments of the premium tax credit and cost-sharing reductions and had enrolled in a qualified health plan through an Exchange. JUMF ¶ 10. Thus, pursuant to 45 C.F.R. § 155.310(h), SLS should have been notified within a "reasonable timeframe" of November 2, 2017. It was not.

Rather, with respect to 2018, SLS was first notified one of its employees was deemed eligible for a premium tax credit when the IRS sent the Letter 226J more than three years later (on

either or both of March 5, 2021 or July 5, 2021). JUMF ¶¶ 15, 16. One could not stretch the imagination so far as to define "reasonable timeframe" to be more than three years. It would be a stretch if the timeframe were more than a few weeks or months, especially in light of other regulations relevant to the ACA. For example, where someone wants to terminate enrollment in a qualified health plan through an Exchange, they may specify the termination date if the enrollee provides "reasonable notice." 45 C.F.R. § 155.430(d)(2)(i). There, "reasonable notice" is fourteen days before the requested termination date. 45 C.F.R. § 155.430(d)(1)(i). If fourteen days is "reasonable notice" for the enrollee to notify the Exchange, a period spanning more than three years could not also be a "reasonable timeframe" for the Exchange to notify an employer under 45 C.F.R. § 155.310(h). The Letter 226J was issued too late to be considered a Section 1411 Certification.

> **D.** **The Section 1411 Certification must give the employer a separate, non-IRS, appeals process. The Letter 226J did not.**

In addition to requiring that the employer be notified "within a reasonable timeframe," regulations set forth the following items to be included in the notice. 45 C.F.R. § 155.310(h)(1)-(4) provides the notice must:

> (1) Identify the employee;
>
> (2) Indicate that the employee has been determined eligible advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange;
>
> (3) Indicate that, if the employer has 50 or more full-time employees, the employer may be liable for the payment assessed under section 4980H of the Code; and
>
> (4) Notify the employer of the right to appeal the determination.

Section 1411(e)(4)(c) of the ACA provides that the Exchange shall notify "each person receiving notice under this paragraph of the appeals processes established under subsection (f)." This is not the appeals process offered to the employer in the IRS's Letter 226J. The Secretary of

13

HHS is tasked with establishing a "separate appeals process for employers who are notified under subsection (e)(4)(C) that the employer may be liable for a [an ESRP]." 42 U.S.C. § 18081(f)(2)(A).

Section 1411(f) provides that employers notified under Section 1411(e)(4)(c) have a right to a separate appeals process providing the employer the opportunity to

> (i)  present information to the Exchange for review of the determination either by the Exchange or the person making the determination, including evidence of the employer-sponsored plan and employer contributions to the plan; and

> (ii)  have access to the data used to make the determination to the extent allowable by law.

42 U.S.C. § 18081(f)(2)(A)(i)-(ii).

The flush language that follows Section 1411(f)(2)(A)(ii) explains that the appeals process under Section 1411(f) "shall be in addition to any rights of appeal the employer may have under subtitle F of such title [the Internal Revenue Code]." 42 U.S.C. § 18081(f)(2)(A). The kind of data the employer should be given access to during that appeals process includes "the name of an employee and whether or not the employee's income is above or below the threshold by which the affordability of an employer's health insurance coverage is measured."  42 U.S.C. § 18081(f)(2)(B)(i).

Here, not only did SLS not receive notice (timely or otherwise) from the HHS or the Exchange that met the requirements of Section 1411, but it was also not afforded a separate appeals process. The law requires a separate, non-IRS, appeal. SLS was never offered such an appeal. JUMF ¶ 12, 13, 14. This fact, alone, means there was not a valid Section 1411 Certification prior to the IRS assessing the 2018 ESRP against SLS.

**E. 45 C.F.R. 155.310(i) does not grant the IRS authority to issue a Section 1411 Certification.**

When it filed a Form 843 requesting a refund of the 2018 ESRP, SLS disputed the IRS's authority to assess the 2018 ESRP against it. SLS asserted it never received a Section 1411 Certification. In an August 12, 2024 letter, the IRS acknowledged receiving the Form 843 and indicated it "decided not to change the previously assessed ESRP." In response to the assertion that SLS did not receive the proper certification under I.R.C. § 4980H, the IRS wrote:

> The Department of Health and Human Services (HHS) regulations at 45 C.F.R. § 155.[3]10(i) provide that as part of its determination of whether an employer has a liability under section 4980H of the Internal Revenue Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid. The Letter 226J is the ALE's certification under section 1411 of the Affordable Care Act.

JUMF ¶ 21.

The IRS misinterprets 45 C.F.R. 155.310(i). It believes, erroneously, that its Letter 226J may be issued in lieu of — rather than in addition to — a certification required by Section 1411. The preamble to 45 C.F.R. Parts 155 and 156 clarifies why the IRS's interpretation is wrong. It states:

> In § 155.310, we proposed to add paragraph (i) regarding a certification program under the Secretary's program for determining eligibility for advance payments of the premium tax credit and cost-sharing reductions in accordance with section 1411(a) of the Affordable Care Act. We noted that this certification program would be distinct from the notice to employers required by section 1411(e)(4)(B)(iii) of the Affordable Care Act and paragraph (h) of § 155.310.

78 Fed. Reg. 42160, 42250 (July 15, 2013).

The N.D. Texas District Court held that 45 CF.R. § 155.310(i) "is void and unenforceable for exceeding statutory authority." *Faulk Co., Inc. v. Becerra*, 777 F. Supp. 3d 714, 726 (N.D. Tex. 2025) (appeal pending). Though *Faulk Company* is not binding on this Court, this Court should

15

also find 45 C.F.R. § 155.310(i) void and unenforceable. But even assuming, *arguendo*, the regulation is valid, a Letter 226J is not a Section 1411 Certification.

Here, the July 5, 2021 Letter 226J does not meet the requirements of a certification to an employer under ACA Section 1411 because it

a.  Was not issued by an Exchange (45 C.F.R. § 155.310(h));

b.  Was not issued within a reasonable time period after an SLS employee was determined eligible for advance payments of the premium tax credit and cost-sharing reductions and had enrolled in a qualified health plan through the Exchange (45 C.F.R. § 155.310(h));

c.  Did not notify SLS that it had a right to an appeals process (separate to that offered by the IRS) (42 U.S.C. § 18081(f));

d.  Did not offer SLS an appeals process in which it would have had an opportunity to review the determination either by the Exchange or the person making the determination, including evidence of the employer-sponsored plan and employer contributions to the plan (42 U.S.C. § 18081(f)(2)(A)(i)); and

e.  Did not offer SLS an appeals process in which it would have had have access to the data used to make the determination to the extent allowable by law (e.g. whether the employee's income is above or below the threshold by which the affordability of an employer's health insurance coverage is measured (42 U.S.C. § 18081(f)(2)(A)(ii)).

45 C.F.R. 155.310(i) does not give a valid grant of authority to the IRS authority to issue a Section 1411 Certification. Even if it did, the Letter 226J is not a Section 1411 Certification.

**F.  The case at *Faulk Company v. Becerra* is on point. If this Court applies the same reasoning as the N.D. Texas, it will grant SLS's Motion for Summary Judgment.**

In a factually similar case, a District Court (N.D. Texas) granted the Plaintiff's Motion for Summary Judgment. *Faulk Company v. Becerra*, 777 F.Supp. 3d 714 (N.D. Tex, 2025) (appeal pending). Though the case is not precedential here, it provides some guidance. The *Faulk* court held the ESRP assessed against Faulk did not satisfy the certification requirement under I.R.C.

§ 4980H because the "required certification must come from HHS as directed by the statutory language." *Id*. at 720.

Faulk was a Texas corporation that provided janitorial services for schools. *Id*. at 717. In 2019 it stopped providing health insurance to its employees. On December 1, 2021 the IRS issued a Letter 226J to Faulk to propose the ESRP for its failure to offer its full-time employees minimum health insurance coverage. *Id*. The court wrote the "Letter 226J purported to serve as a 'certification' to Faulk prior to the assessment of the ESRP." *Id*. Faulk responded by informing the IRS that it disagreed with the proposed assessment. *Id*. It paid the ESRP under protest. *Id*. Faulk then filed a claim for refund of the ESRP, but the IRS did not respond. It thus proceeded to file a suit for refund. *Id*.

Faulk argued the Letter 226J did not qualify as a certification under Section 1411, which certification was required prior to the IRS assessing the ESRP. Faulk added that the HHS — not the IRS — was required to provide the certification. *Id*. It further asserted that the "certification lacked proper notice of potential liability and notice of a right to appeal." *Id*.

The court explained that Section 4980H "instructs the IRS on when an ESRP may be assessed against an employer." *Id*. at 719. Before the IRS may assess an ERSP "an employer must fail to offer the coverage *and* receive certification under ACA § 1411 of such failure before an ESRP may be assessed by the IRS." (emphasis in original). *Id*. at 719-20. The court found the "required certification must come from HHS as directed by the statutory language." *Id*. at 720. The court wrote,

> I.R.C. § 4980H explicitly refers back to ACA § 1411 for "certification before the IRS may assess an ESRP. But nowhere in ACA § 1411 does Congress grant HHS the ability to delegate notice *or* certification to the IRS—must less grant that authority to the IRS itself. Rather, Congress made clear that HHS and the Exchange must administer the due process, including notice of liability and notice of appellate rights. *See* 42 U.S.C. § 18081(e)(4)(B)(iii) (stating the "Exchange shall notify the

17

employer" of potential liability); *id*. § 18081(e)(4)(C) (stating that [t]he Exchange shall also notify each person" of the appeals process). *Id*. at 723.

While it would be "easier given the established practice by the IRS" for the IRS to issue the required certifications, the court noted "it is not the judiciary's prerogative to change the plain meaning and language of the statute." *Id*. citing *United States v. Stewart*, 7 F.3d 1350, 1354 (8th Cir. 1993) (Lay, J., concurring in part). For the same reasons the District Court in Faulk found the ESRP assessment unlawful, this Court should find the ESRP assessment against SLS unlawful. The relevant facts are the same.

## G.   This case should be resolved by summary judgment.

Pursuant to Fed. R. Civ. P. 56(a), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The parties agree there is no genuine issue of material fact. The parties agree the issues in this case are primarily legal in nature and that no additional discovery is needed. Joint Motion to Set Briefing Schedule, ¶¶ 3 and 4, ECF 15. Summary judgment may be granted "When the only question a court must decide is a question of law." *Paris v. Progressive Am. Ins. Co.,* 558 F. Supp. 3d 1245, 1250 (S.D. Fla. 2021) citing *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). Accordingly, the parties seek to resolve this case through the court's ruling on cross-motions for summary judgment.

## CONCLUSION

There is no dispute that neither an Exchange nor the HHS issued a Section 1411 Certification to SLS. Rather, the IRS purported to issue a Section 1411 Certification by sending a Letter 226J to SLS. However, the IRS does not have authority to issue a Section 1411 Certification. Even assuming, *arguendo*, the IRS has such authority, the Letter 226J fails to qualify as a Section 1411 Certification. Because there was no Section 1411 Certification prior to the IRS assessing the

2018 ESRP against SLS, the IRS illegally and erroneously assessed and collected the amount of $199,833.33. That amount should now be refunded.

The Court should therefore enter summary judgment in favor of Plaintiff in the amount of $199,833.33, plus interest and costs allowed by law, and grant such other relief as the Court may deem just and proper.

Dated: July 31, 2025

Respectfully submitted,

Karen J. Lapekas
Florida Bar No. 57527
Karen@LapekasLaw.com

LAPEKAS LAW, P.A.
4000 Ponce De Leon Suite 470
Coral Gables, FL 33146
Phone: (305) 600-1485
Fax: (305) 600-1334

**ORAL ARGUMENT**

Oral argument is scheduled December 4, 2025 at 1pm on Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment.

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2025 a true and correct copy of the foregoing was filed electronically with the Clerk of Court through the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Karen J. Lapekas
KAREN J. LAPEKAS
Lapekas Law, P.A.
Attorney for Plaintiff Supreme Linen Services, Inc.

19