UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 1:25-cv-20723-JB/ Torres**

SUPREME LINEN SERVICES, INC.

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

## JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Plaintiff, Supreme Linen Services, Inc. ("SLS"), is a Florida corporation that provides commercial laundering services. Its principal place of business is in Hialeah, Miami-Dade County, Florida.

2.      Defendant is the United States of America.

3.      SLS seeks the refund and recovery of a payment it made to the Internal Revenue Service ("IRS") in the amount of $199,833.33, plus interest as permitted by law. This payment relates to the Employer Shared Responsibility Payment tax under I.R.C. § 4980H ("ESRP") that the IRS assessed against SLS for the 2018 tax year.

4.      Prior to bringing this suit, SLS paid the 2018 ESRP tax, timely filed a claim for refund with the IRS, more than six months have passed since those claims were filed, and the IRS has not issued a notice formally allowing or disallowing SLS's claim.

5.      SLS has been in business since 2007. It started as a small laundry company in a 4,000 square foot warehouse doing party and linen rentals. Between 2007 and 2014, it had no more than 20 full-time employees and 20 part-time employees.

1

EXHIBIT

A

6. In 2014, SLS purchased a second warehouse, and its staff grew.

7. During 2017, SLS employed between 91 and 140 full-time employees each month, as reported on Forms 1094-C, *Transmittal of Employer-Provided Health Insurance Offer and Coverage Information Returns*, and 1095-C, *Employer-Provided Health Insurance Offer and Coverage*, filed with the IRS. SLS was an "applicable large employer" as defined by I.R.C. § 4980H(c)(2)(A) or 2018 ("ALE"). A transcript containing the information SLS reported to the IRS on Forms 1094-C and 1095-C for year 2017 is attached as **Exhibit A**.

8. SLS did not offer health insurance coverage to its full-time employees for the first seven months, January through July, of 2018. During each of those months, between 43 and 57 of the SLS's full-time employees was allowed the premium tax credit ("PTC"). A summary table of full-time employees with a PTC by month in 2018, is including in **Exhibit B** at p. 6.

9. In August 2018, SLS began offering qualifying health insurance to its full-time employees.

10. On or about November 2, 2017 with respect to the year 2018, the HHS first determined an SLS employee was eligible for advance payments of the premium tax credit and cost-sharing reductions and had enrolled in a qualified health plan through an American Health Benefit Exchange, as defined under 42 U.S.C. § 18041(c)(1), 45 U.S.C. § 18031(b)(1) and 45 C.F.R. § 155.20 ("Exchange").[1]

---

[1] "Exchange" means a governmental agency or non-profit entity that meets the applicable standards of this part and makes QHPs available to qualified individuals and/or qualified employers. Unless otherwise identified, this term includes an Exchange serving the individual market for qualified individuals and a SHOP serving the small group market for qualified employers.

11. For the 2018 tax year, neither the United States Department of Health and Human Services (HHS) or a federally-facilitated Exchange notified SLS that it determined one of SLS's employees was purportedly eligible for an advance payment of the PTC.

12. For the 2018 tax year, neither HHS nor a federally-facilitated Exchange provided a notice to SLS that:

    a. Identified the SLS employee eligible for an advance payment of the PTC ;

    b. Indicated that the employee had been determined eligible for advance payments of the PTC[2] and cost-sharing reductions and had enrolled in a qualified health plan through the Exchange;

    c. Indicated that, if SLS had 50 or more full-time employees, SLS may be liable for the tax assessed under section 4980H of the Code; or

    d. Notified SLS of the right to appeal the determination.

13. For the 2018 tax year, SLS was never given the opportunity to appeal the determinations described in paragraph 10 with the HHS or a federally-facilitated Exchange in which it was offered access to "the name of an employee and whether or not the employee's income is above or below the threshold by which the affordability of an employer's health insurance coverage is measured."

14. SLS believes that that none of its employees in 2018, while employed by SLS, lived in a state with a State-based Exchange as defined in 42 U.S.C. § 18031(b)(1), and that it did not receive either the notice or appeal rights described in paragraphs 11 through 13, above, from a State-based Exchange. The United States does not assert that

---

[2] "Advance payments of the PTC" means payment of the tax credit authorized by 26 U.S.C. 36B and its implementing regulations, which are provided on an advance basis to an eligible individual enrolled in a QHP through an Exchange in accordance with section 1412 of the Affordable Care Act. 45 C.F.R. § 155.20.

any State-based Exchange provided SLS the notice or appeal rights described in paragraphs 11 through 13, above.

15. On March 5, 2021, the IRS purports to have issued Letter-226-J to SLS, proposing a total of $184,436.82 in tax under section 4980H(a). SLS disputes that the IRS in fact mailed the letter, and SLS does not have record of receiving it.

16. On July 5, 2021, the IRS sent a follow-up Letter 5040-J, again proposing the section 4980H(a) tax, and included Letter 226-J as an attachment. Letter 5040-J is attached as **Exhibit B**.

17. On March 21, 2022, the IRS assessed the ESRP tax against SLS for the 2018 tax year in the amount of $184,436.82.

18. SLS does not dispute the calculation of the tax amount owed.

19. SLS fully paid the 2018 ESRP tax, plus interest, on the following dates:

| Date | Amount |
| --- | --- |
| 5/18/2023 | $30,000 |
| 6/13/2023 | $30,000 |
| 7/10/2023 | $30,000 |
| 8/04/2023 | $30,000 |
| 8/31/2023 | $30,000 |
| 10/6/2023 | $49,833.33 |

20. On March 14, 2024, SLS filed a Form 843 with the IRS requesting a refund of the amount paid towards the 2018 ESRP tax. SLS enclosed a letter with the Form 843 to more fully explain the basis for the refund claim. The Form 843 and letter argued that the IRS did not

4

provide SLS with the proper certification before assessing the ESRP tax under I.R.C. § 4980H. A copy of the Form 843 and letter are attached as **Exhibit C**.

21.     On August 12, 2024, the IRS sent SLS a Letter 5985, denying the refund claim. In the letter, the IRS explained how it computed the ESRP and addressed SLS' legal arguments. In response to the assertion that the IRS did not provide proper certification to SLS under I.R.C. § 49080H, the IRS wrote:

> The Department of Health and Human Services (HHS) regulations at 45 C.F.R. § 155.410(i)[3] provide that as part of its determination of whether an employer has a liability under section 4980H of the Internal Revenue Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid. The Letter 226J is the ALE's certification under section 1411 of the Affordable Care Act.

A copy of the Letter 5985 is attached as **Exhibit D**.

22.     The Letter 5985 also provided SLS with an opportunity to request a conference with the IRS Independent Office of Appeals ("IRS Appeals") to challenge the ESRP assessment.

23.     On September 11, 2024, SLS requested IRS Appeals consideration with respect to the IRS's determination that it would not adjust the 2018 ESRP, and thus not issue a refund. The parties engaged in an appeals conference, and determined a resolution could not be reached, although IRS Appeals had not reached a final determination.

24.     The parties stipulate as to the validity, authenticity, and admissibility of all exhibits attached to this stipulation.

Dated: June 24, 2025

---

[3] The IRS intended to cite to 45 C.F.R. 155.310(i) here.

***For the Plaintiff***

***/s/ Karen J. Lapekas***
**KAREN J. LAPEKAS**
**Florida Bar No. 57527**
Karen@LapekasLaw.com

**LAPEKAS LAW, P.A.**
**4000 Ponce De Leon Suite 470**
**Coral Gables, FL 33147**
**Phone: (305) 600-1485**
**Fax: (305) 600-13334**

***For the United States***

***/s/ Daniel B. Causey, IV***
DANIEL B. CAUSEY, IV
SC Bar No. 104035
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-1427 (v)
202-514-4963 (f)
Daniel.B.Causey@usdoj.gov

Of Counsel:
Hayden O'Byrne
United States Attorney
Southern District of Florida