UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 1:25-cv-20723-JB/Torres**

_____

SUPREME LINEN SERVICES, INC.

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

_____

### PLAINTIFF'S REPLY AND RESPONSE TO UNITED STATES' RESPONSE/CROSS MOTION FOR SUMMARY JUDGMENT

The United States writes, "Indeed, no provision of the Internal Revenue Code conditions the IRS's authority to assess a liability on the actions of another agency." (ECF 19, p. 13). This is not accurate. It is not accurate with respect to the statute at issue (26 U.S.C. § 4980H), and, as discussed *infra*, it is not accurate with respect to other statutes within the Internal Revenue Code (IRC) that defer to actions of other government agencies. Surely, it would be easier for the IRS to assess an Employer Shared Responsibility Payment (ESRP) against an employer without first ensuring the Department of Health and Human Services (HHS) completed a certification under Section 1411 of the Affordable Care Act (ACA)[1]. But a statutory interpretation which merely serves administrative convenience, when it flouts a legislative edict, must be rejected. *Mullins v. Andrus*, 664 F.2d 297, 309 (D.C. Cir. 1980).

---

[1] The Affordable Care Act, P.L. 111-148, § 1411 is codified at 42 U.S.C. § 18081.

1

Plaintiff Supreme Linen Services, Inc. (SLS) hereby replies and responds to the United States' Response/Cross Motion for Summary Judgment.  The arguments raised in the United States' Response/Cross Motion are not surprising. Similar arguments were raised, and rejected, in *Faulk Co., Inc. v. Becerra*, 777 F.Supp.3d 714, 721 (N.D. Tex., 2025) (appeal pending).

The government strains an interpretation of I.R.C. § 4980H so that the IRS may administer not only the Internal Revenue Code, but the Affordable Care Act as well. In doing so, it ignores clear mandates within the Affordable Care Act that require certain items in a notice be given to an employer and certain rights be extended to the employer, including a separate appeals process before the HHS. The government's approach comes at the expense of a plain reading of the statute and employers' due process rights.

The United States' perceived information-sharing restrictions between the IRS and HHS pursuant to I.R.C. § 6103 were addressed by that statue. However, even if they were not, such limitations should be addressed by Congress, not by the government requesting this Court to interpret a clear conditional statement in I.R.C. § 4980H (a certification "under [ACA] Section 1411") as making the IRS both the recipient of the certification and the maker thereof.

Plaintiff's Motion for Summary Judgment should be granted and Defendant's Cross-Motion denied. No Section 1411 Certification was issued to SLS and thus the IRS did not have authority to assess an ESRP against SLS for 2018. Accordingly, the 2018 ESRP assessment should be abated and the amount SLS paid towards the assessment refunded, plus interest.

I.      **The IRS generally has authority to administer the Internal Revenue Code, but its authority may — and often is — conditioned upon the actions of another agency.**

The ESRP is codified in Section 4980H of the Internal Revenue Code. The government thus argues that a "default rule" applies such that the IRS administers Section 4980H *sans* conditions. This is a problematic interpretation because Section 4980H does have conditions. It requires, prior to the IRS assessing an ESRP, that at least one of the applicable large employer's (ALE) full-time employees has been "certified to the [ALE] under Section 1411 of the [Affordable Care Act (ACA)] as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit is allowed or paid" (a "Section 1411 Certification").  I.R.C. § 4980H(a)(2).

SLS doesn't dispute that the Internal Revenue Service is responsible for assessing and collecting the ESRP. It does dispute that the IRS may do so without first ensuring the HHS has completed a Section 1411 Certification.  To overcome the statutory language "under Section 1411 of the ACA," the United States would have this Court either ignore it entirely or believe that, because the language falls within the Internal Revenue Code, the IRS can administer Section 1411 of the ACA as well. That's an unsupportable leap of logic.

The relevant portions of the Affordable Care Act are administered by the HHS. 42 U.S.C. § 18081. The Internal Revenue Code is administered by the IRS. I.R.C. § 7801(a)(1). If the IRS ensured the HHS issued a certification under 1411 of the ACA before assessing the ESRP, both statements would still be be true. However, the IRS did not ensure a Section 1411 Certification was done prior to assessing an ESRP against SLS. It thereby supplanted the HHS's authority and disregarded SLS's due process and notification rights under the ACA.

The fact the IRS administers the Internal Revenue Code does not mean that the IRS also administers every statute to which the Internal Revenue Code refers. When applied to other statutes, it becomes apparent how bizarre this argument is. For example, I.R.C. § 6305 gives the IRS

authority to assess child support obligations upon "receiving a certification from the Secretary of Health and Human Services, under section 452(b)[2] of the Social Security Act." Section 6305 thus gives the IRS authority to collect overdue child and spousal support. But it conditions the IRS's authority to assess the child and spousal support obligation upon first receiving a certification from HHS. Certainly, IRS does not have authority to administer the Social Security Act merely because Section 6305 of the Internal Revenue Code refers to a certification "under section 452(b) of the Social Security Act." Yet here, when Section 4580H refers to a certification under Section 1411 of the ACA, the United States argues the IRS has authority to issue a Section 1411 Certification.

The government will argue "but this is different!" It's not. Congress knows how to condition the IRS's authority to collect or assess upon another government agency. It shows how it did so in Section 6305. It similarly did so in Section 4980H. There are other examples within the Internal Revenue Code where it refers to certifications under other chapters of the United States Code. Section 6201(a)(4) provides that the IRS has authority to assess and collect the amount of restitution under an order pursuant to 18 U.S.C. § 3556. ("The IRS shall assess and collect restitution previously ordered by a District Court "in the same manner as if such amount were such tax." *Muncy v. Comm'r of Internal Revenue*, 113 T.C.M. 1399 (T.C. 2017), *aff'd*, 890 F.3d 724 (8th Cir. 2018)). This does not mean that, absent an order entered by a court under 18 U.S.C. § 3556 the IRS

---

[2] Section 452(b) of the Social Security Act (42 U.S.C. 652) provides, in part: "(b) The Secretary shall, upon the request of any State having in effect a State plan approved under this part, certify to the Secretary of the Treasury for collection pursuant to the provisions of section 6305 of the Internal Revenue Code of 1954 the amount of any child support obligation (including any support obligation with respect to the parent who is living with the child and receiving assistance under the State program funded under part A) which is assigned to such State or is undertaken to be collected by such State pursuant to section 454(4). . . .

has the authority to order criminal restitution merely because the Internal Revenue Code grants it authority to assess and collect it. The IRS's authority to assess and collect amounts for restitution is conditioned on a court first entering an order.

Section § 30B of the Internal Revenue Code provides when a taxpayer is entitled to claim an alternative fuel motor credit. One condition of the credit is having a motor vehicle that "has received a certificate of conformity under the Clean Air Act and meets or exceeds the most stringent standard available for certification under the Clean Air Act" or "has received an order certifying the vehicle as meeting the same requirements as vehicles which may be sold or leased in California and meets or exceeds the most stringent standard available for certification under State laws of California." I.R.C. § 30B(e)(2)(B). Again, though the Internal Revenue Code provides when the IRS shall allow a taxpayer's alternative fuel motor vehicle credit, it doesn't mean the IRS may also administer the Clean Air Act or the State laws of California. No, the Internal Revenue Code conditions the allowance of these credits upon the vehicle first receiving certifications from another government agency.

Similarly, I.R.C. § 142(4)(A)(i)(I) refers to wood products that have received "certification under the Sustainable Forestry Initiative Program and the American Tree Farm System." The IRS is not trying to run the American Tree Farm System merely because the Internal Revenue Code requires a certification under such for a project to qualify under I.R.C. § 142 for a tax-exempt facility bond. Yet, here the IRS wants to administer the Affordable Care Act (by making a certification under ACA § 1411) because I.R.C. § 4980H refers to it.

The IRS administers I.R.C. § 4980H. That does not mean it administers all other code sections to which it refers. Thus, it does not mean the IRS has authority to issue a Section 1411

Certification under the Affordable Care Act. No, only the HHS or an Exchange can do that. And even if the IRS did have such authority, its Letter 226J failed to meet the requirements of a Section 1411 Certification.

**II.      The IRS is authorized to share certain tax information with HHS. If the IRS believes I.R.C. § 6103 prohibits it from sharing necessary information, Congress — not the IRS — should rewrite the law to address the problem.**

The United States argues "the limitations of I.R.C. § 6103 render the Exchange legally incapable of being the entity to make the certification [under the ACA]" and "the constraints of I.R.C. § 6103 prevent the IRS from conveying to HHS the taxpayer return information that would be needed for HHS to make the § 4980H certification." (ECF, p. 17-18). However, I.R.C. § 6103(l)(21) allows the IRS to provide certain tax return information to the HHS. It provides, in relevant part,

> The [IRS], upon written request from the Secretary of Health and Human Services, shall disclose to officers, employees, and contractors of the Department of Health and Human Services return information of any taxpayer whose income is relevant to determining any premium tax credit under section 36B or any cost-sharing reduction under section 1402 of the [ACA] . . ."

Under a Treasury Regulation written by the IRS itself, the IRS states that it may disclose to HHS the following return information:

> (7) Information indicating that a relevant taxpayer who received advance payments of the premium tax credit in the reference tax year did not file a tax return for the reference tax year reconciling the advance payments of the premium tax credit with any premium tax credit under section 36B of the Internal Revenue Code available for that year. Treasury Regulation (26 C.F.R.) § 301.6103(l)(21)-1.

Section 6103(l)(21) grants the IRS authority to share with HHS "return information" described in I.R.C. § 6103(l)(21) and Treas. Reg. § 301.6103(l)(21)-1(a)(1)-(7). That information is to be used to the extent necessary in "establishing an individual's eligibility for participation in an Exchange"

6

and "verifying the appropriate amount of any premium tax credit." Treas. Reg. § 301.6103(l)(21)-1(a).

Despite these information-sharing provisions, the United States argues "the IRS lacks the authority to divulge to HHS information related to the allowance or payment of a premium tax credit to the employee." (ECF 19, p. 17). However, Section 6103(l)(21) and the corresponding regulation (written by the IRS) at Treas. Reg. § 301.6103(l)(21)-1 appears to address, and resolve, the United States' concerns.

The IRS may disclose to the HHS that a taxpayer *didn't* file a tax return reconciling the advance payments of the premium tax credit (PTC). It follows that it should likewise be able to disclose that the taxpayer *has* filed a return claiming the PTC. However, regardless of whether the government's concerns about the Section 6103 information sharing limitations are real or perceived, for the purposes of this case, it doesn't matter. Even assuming, *arguendo*, the IRS cannot share information with HHS that is necessary for HHS to certify to an employer that an "applicable premium tax credit or cost-sharing reduced was allowed or paid" to an employee, then it is the obligation of Congress — not the IRS — to address that limitation by statute. It is not the IRS's role to look to Section 6103 limitations as granting them more authority under Section 4980H than Section 4980H extends.

III. **There are "procedural and substantive differences" between I.R.C. § 4980H and Section 1411 of the ACA. That is why I.R.C. § 4980H conditions the ESRP assessment upon there first being a Section 1411 Certification.**

The United States explains that IRC Section 4980H and ACA Section 1411 are different and outlines the differences between the two provisions. Then it resolves that, because of those differences, the IRS can disregard the ACA Section 1411 notification requirements altogether. The

United States reasons that, because Section 4980H requires a "certification under ACA 1411" yet ACA 1411 sets forth only "notification" requirements, the IRS does not need to wait for HHS to complete its notification requirements under ACA 1411 prior to the IRS assessing an ESRP. This position disregards an employer's notification rights under the ACA and has even less concern for due process rights afforded employers under the ACA. Yet it is *because* of these differences that the rights under both statutes must be respected.

The IRS does not administer IRC 4980H alone. This could not be more clear than at 42 U.S.C. § 18081(i)(1) which states:

> The Secretary of Health and Human Services shall, in consultation with the Secretary of the Treasury, conduct a study of the procedures that are necessary to ensure that in the administration of this title and section 49080H of Title 27 that the following rights are protected . . .

One of those rights the HHS and IRS are both tasked, by statute, to study to ensure is protected is "the rights of employers to adequate due process and access to information necessary to accurately determine any payment assessed on employers." 42 U.S.C. § 18081(i)(1)(B). In the same statute it requires:

(A) The HHS to establish a separate appeals process for employers who are notified under subsection (e)(4)(C) that the employer may be liable for tax imposed by I.R.C. § 4980H (42 U.S.C. § 18081(f)(2)(A));

(B) That such appeals process shall provide an employer the opportunity present information to the Exchange, and have access to the data used to make the determination (to the extent allowable by law) (42 U.S.C. § 18081(f)(2)(A)(i)); and

(C) Such process "shall be in addition to any rights of appeal the employer may have under the Internal Revenue Code" (42 U.S.C. § 18081(f)(2)(A)(flush language)).

8

When the government argues the IRS can issue the Section 1411 Certification, it disregards the Affordable Care Act that requires a separate appeals process (among other things), which is in addition to any rights of appeal the employer may have under the Internal Revenue Code. 42 U.S.C. § 18081(f)(2)(A).

The government's position is consistent with its description of notification requirements under ACA §1411(e) as a "burden." (ECF 19, p. 11). Yes, due process is a burden. Fortunately, it's a right that Congress, apparently, values. Unfortunately, it takes litigation, such as this case and the one at *Faulk v. Commissioner*, to remind the IRS why it should value due process, too.

## CONCLUSION

There are statutes beyond the Internal Revenue Code. Those statutes are not administered by the Internal Revenue Service, yet the rights afforded taxpayers by those statutes must nonetheless be respected by the IRS. Accordingly, Supreme Linen Services, Inc. filed its Motion for Summary Judgment so that the IRS might finally respect the rights afforded to taxpayers under the Affordable Care Act, which it has far too long ignored.

There is no dispute that neither an Exchange nor the HHS issued a Section 1411 Certification to SLS. Rather, the IRS purported to issue a Section 1411 Certification by sending a Letter 226J to SLS. However, the IRS does not have authority to issue a Section 1411 Certification. Only the HHS or an Exchange can issue a Section 1411 Certification. Even assuming, *arguendo*, the IRS has such authority, the Letter 226J fails to qualify as a Section 1411 Certification. There was no Section 1411 Certification prior to the IRS assessing the 2018 ESRP against SLS; thus, the IRS illegally and erroneously assessed and collected the amount of $199,833.33. That amount should now be refunded.

9

Therefore, the Court should enter summary judgment in favor of Plaintiff in the amount of $199,833.33, plus interest and costs allowed by law, deny the United States' Cross-Motion for Summary Judgment, and grant such other relief as the Court may deem just and proper.

Dated: September 25, 2025

Respectfully submitted,

Karen J. Lapekas
Florida Bar No. 57527
Karen@LapekasLaw.com

LAPEKAS LAW, P.A.
4000 Ponce De Leon Suite 470
Coral Gables, FL 33146
Phone: (305) 600-1485
Fax: (305) 600-1334

## CERTIFICATE OF SERVICE

I certify that on September 25, 2025 a true and correct copy of the foregoing was filed electronically with the Clerk of Court through the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Karen J. Lapekas
KAREN J. LAPEKAS
Lapekas Law, P.A.
Attorney for Plaintiff Supreme Linen Services, Inc.

10