**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:25-cv-20723-JB**

SUPREME LINEN SERVICES, INC., )
)
     *Plaintiff*, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
     *Defendant*. )
_____)

**UNITED STATES' REPLY IN SUPPORT OF ITS
CROSS MOTION FOR SUMMARY JUDGMENT
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

*By:*

DANIEL B. CAUSEY, IV
SC Bar No. 104035
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-1427 (v)
202-514-4963 (f)
Daniel.B.Causey@usdoj.gov

Of Counsel:

Jason A. Reding Quiñones
United States Attorney
Southern District of Florida

**Introduction**

Plaintiff admits that it received Letter 226-J, which contained the IRS's preliminary determination that it owed an employer shared responsibility payment ("ESRP") for 2018 pursuant to Internal Revenue Code ("I.R.C.") (26 U.S.C.) § 4980H(a). In this letter, the IRS certified that, for each month of 2018, at least one of its full-time employees had enrolled in coverage through an Exchange and been allowed a corresponding premium tax credit. Nothing more was required before the assessment of the ESRP.

Plaintiff protests that the IRS's ESRP determination came "at the expense of a plain reading of the statute and employers' due process rights." Dkt. No. 20, at 2. But Plaintiff received the pre-assessment due process rights. Under the plain terms of I.R.C. § 4980H(a)(1), the imposition of ESRP liability must be preceded by a certification to the employer that one of its employees enrolled in a qualified health plan with respect to which a premium tax credit was allowed or paid. The IRS, as the agency tasked with administering the Internal Revenue Code, fulfilled this requirement by sending Plaintiff Letter 226-J.

The reference to ACA § 1411 in section 4980H does not add a notice requirement (in addition to a certification) to the ESRP assessment process. Nor is it a "clear conditional statement" requiring HHS to make the certification as Plaintiff suggests. Dkt. No. 20, at 2. The phrase "'under section 1411' of the ACA" is best understood as telling the IRS where to find the standards governing its certification, which is particularly important because some of the standards governing ESRP liability—including whether a premium tax credit is appropriately allowed or paid to an employee—are outside the Internal Revenue Code. To follow Plaintiff's interpretation would ignore the plain text of the statute, the functional differences between the notification and certification, and the restrictions on information sharing set forth in I.R.C. §

1

6103 which prevent HHS from issuing the certification. The IRS's administration of the I.R.C. § 4980H certification is thus not just a matter of "administrative convenience," but the only approach consistent with the legislative edict of Congress.

Plaintiff offers no defense to the substantive basis for the IRS's ESRP determination. Nor can it. Indeed, Plaintiff admits it was a large employer subject to the employer mandate that did not offer its employees the opportunity to purchase health insurance coverage; at least one of its full-time employees had been allowed a premium tax credit for seven months during 2018; and the IRS correctly calculated the amount of the ESRP. While Plaintiff asserts that the IRS "disregarded [its] due process and notification rights under the ACA," this argument conflates the certification required by I.R.C. § 4980H and the notice described in ACA § 1411. Indeed, Plaintiff was given due process to challenge the ESRP. It exercised that right before the IRS Independent Office of Appeals, but Plaintiff offered no basis to challenge the IRS's ESRP determination. Dkt. No. 20, at 3.

Because Letter 226-J satisfied the certification requirement in I.R.C. § 4980H, the IRS properly assessed the ESRP. The United States is entitled to summary judgment.

I.      **The IRS must issue the I.R.C. § 4980H certification prior to ESRP assessment, not the notification described in ACA § 1411.**

While Congress could have placed all provisions of the ACA within Title 42—and HHS's administrative authority—it did not. It placed the Employer Shared Responsibility Payment ("ESRP") within in Title 26 as Section 4980H of the Internal Revenue Code. Congress's choice must be respected. The IRS is tasked with administering the ESRP through its assessment and collection functions.

This case turns on what is required to satisfy the certification requirement in I.R.C.

§ 4980H. Plaintiff continues to conflate the certification required by section 4980H (the "Certification") and the notification described in ACA § 1411(e) (the "Notification"), treating them as one. But the Notification and the Certification are two distinct requirements serving separate purposes. As described in the United States' initial brief, the Notification and Certification have different timing requirements, triggering events, and information included. *See* Dkt. No. 19, at 11, 12. Congress employed separate terms to describe each requirement, and "notice" and "certify" carry distinct meanings throughout the ACA. *Id*. at 12-14. The reference to ACA § 1411, without specifying a specific subsection or naming the Notification, is insufficient to be an express delegation adopting the Notification as the Certification. *Id*. at 14, 15. Indeed, Plaintiff does not engage with the text of the ACA, which supports treating the Certification and Notification as distinct.

Why is Congress's deliberate use of separate words significant? Because the Letter 226-J sent by the IRS to Plaintiff met the requirements for the Certification, which is all that is required prior to an ESRP assessment. That letter does not purport to satisfy the requirements for the Notification. In the ACA, Congress conditioned assessment of the ESRP on the IRS's issuance of the Certification, not the Notification. Indeed, no provision of the ACA requires HHS to issue the Notification before ESRP assessment by the IRS. Where Congress chose to condition the imposition of ESRP liability on the former requirement, but not the latter, that choice should be respected. *See Polselli v. IRS*, 598 U.S. 432, 439 (2023).

Thus, HHS's administration of the Notification do not impact a taxpayer's liability for the ESRP. To be sure, the United States does not dispute that Plaintiff did not receive the Notification for the period at issue. But that failure does not justify invalidating Plaintiff's ESRP liability—regardless of how "important" the Notification requirement may be. *See Pac. Gas &*

3

*Elec. Co. v. F.E.R.C.*, 113 F.4th 943, 950 (D.C. Cir. 2024) ("policy concerns cannot override the text of a statutory provision"). Notably, to the extent that Plaintiff believed it was entitled to, and would have benefited from, a notice and appeal process with HHS, it did not attempt to bring a suit to compel that process. But where Congress has not conditioned the imposition of ESRP liability on HHS's compliance with ACA §1411, this Court should not rewrite the relevant statutes to do otherwise.

**II.    I.R.C. § 6103 bars the information sharing necessary for HHS to issue the Certification.**

I.R.C. § 6103(a) provides a general rule that "returns" and "return information" shall be confidential, and shall not be disclosed "except as authorized by this title." Section 6103(*l*)(21) of the Internal Revenue Code allows the IRS to disclose certain return information to HHS in connection with determining whether an *individual* seeking to purchase health coverage through an Exchange is *eligible* for a premium tax credit.  I.R.C. §6103(*l*)(21) (titled "Disclosure of return information to carry out eligibility requirements for certain programs"). Plaintiff reads this limited carveout as sufficient to "resolve[] the United States' concerns" and allow the information sharing required for HHS to issue the Certification. Dkt. No. 20, at 7. It is not. Section 6103(*l*)(21) does not authorize the IRS to make a later-in-time disclosure to HHS that a "premium tax credit … *is allowed* with respect to the employee," which is required to trigger the issuance of the Certification.  I.R.C. §4980H(a) (emphasis added). And the corresponding Treasury Regulation does not change the answer provided by statute. *See* Treas. Reg. § 301.6103(*l*)(21)-1(a)(1)-(7).

This issue is particularly acute in the case of individuals who do not apply for a premium tax credit when they purchase health coverage through an Exchange, but later claim the credit on their income tax returns. Under those circumstances, HHS never makes a preliminary eligibility

4

determination, and the only agency that considers the individuals' eligibility or entitlement to the credit is the IRS upon their filing of a tax return. *See* Dkt. No. 19, at 18. But I.R.C. § 6103 provides no authorization for the IRS to disclose this determination to HHS, rendering HHS incapable of making the Certification. *See also* ACA § 1411(f)(2) ("Notwithstanding any provision of this title . . . or section 6103 of title 26, an employer shall not be entitled to any taxpayer return information with respect to an employee for purposes of determining whether the employer is subject to the penalty under section 4980H of title 26," with exceptions not relevant here.)

These flaws are fatal to Plaintiff's argument that section 4980H charges HHS with issuing the Certification. Congress would not have assigned that responsibility to HHS while simultaneously barring it from accessing the information necessary to carry it out. Rather than addressing this consequence of its interpretation, Plaintiff punts to Congress "to address that limitation by statute." Dkt. No. 20 at 7. But that's not how statutory interpretation works. The Court's task is to give effect to the text as written, not to read into or expand areas where the text is silent. And the "harmonious-reading canon" provides that "[t]he provisions of a text should be interpreted in a way that renders them compatible, not contradictory." *See* Scalia & Garner, *Reading Law* § 27, at 180; *City Beverage-Illinois, LLC v. Vital Pharms., Inc.*, 2021 U.S. Dist. LEXIS 88308, *9 (S.D. Fla. May 10, 2021). Thus, the text of section 4980H should not be interpreted in a way that would be incompatible with I.R.C. § 6103. A harmonious reading of both statutes confirms that Congress intended the IRS alone to issue the Certification.

**III.     Section 4980H contains no express delegation of authority to HHS, and should not be interpreted to condition the IRS's assessment authority.**

Even assuming that the IRS *could* disclose information to HHS about whether a premium tax credit was allowed, so that HHS could use that information to make the Certification, it

5

would make far more sense for the IRS to simply use that information to make the Certification itself. Of course, nothing would prevent Congress from creating a circular arrangement in which it directed that the IRS disclose information to HHS, that HHS make a certification based on that information, and that the IRS then rely on the HHS certification to assess an ESRP liability. But in the absence of any clear indication that Congress intended such an arrangement, this Court should avoid reading this type of inefficiency into the statute. *See E.E.O.C. v. Louisville & Nashville R.R. Co.*, 505 F.2d 610, 613 (5th Cir. 1974) ("There is a presumption against a construction which would render a statute ineffective or inefficient.") (citation and internal quotations omitted).

Plaintiff points to four examples to show that IRS authority is "often" conditioned upon the actions of another agency. Dkt. No. 20, at 2. Plaintiff is correct that Congress knows how to condition the IRS's authority to collect or assess upon another government agency. But the examples cited by SLS show that Congress placed no such conditions on the assessment and collection of the ESRP. For example, I.R.C. § 6305 describes the IRS authority to assess child support obligations upon "receiving a certification from the Secretary of Health and Human Services, under section 452(b)2 of the Social Security Act." The language there explicitly identifies the actor responsible for making the certification: the Secretary of Health and Human Services. I.R.C. § 6305(a). The language also identifies specific subsection—section 452(b)—that contains certification process. This specific language is precisely what is missing in section 4980H. And, when turning to section 452(b), Congress actually used the word "certify" instead of "notify" or some other word, making the tie clear. Absent such an express delegation, Plaintiff cannot overcome the presumption that the IRS's authority to assess the ESRP is not conditioned upon the actions of HHS.

6

Even setting aside the difference in textual specificity, Plaintiff's examples are in no way analogous to the context of the IRS's assessment function for the ESRP. Plaintiff's first two examples (collection of child support obligations and criminal restitution) concern situations where the IRS merely collects liabilities *already determined by another entity*. *See* I.R.C. §§ 6305, 30B. The IRS's limited collection function in both scenarios is far removed from the IRS's role in administering the ESRP, where the IRS calculates the liability based on information in its possession. The information necessary to make the required Certification is reported to the IRS in the ordinary course. Applicable large employers are required to file Forms 1094-C and 1095-C with the IRS, reporting employment and healthcare coverage data.[1] And employees claiming a premium tax credit are required to file Form 8962, *Premium Tax Credit*, as an attachment to their income tax returns.[2] None of the examples cited by Plaintiff require the IRS to furnish information to another agency and then await that agency's certification of the same information to the taxpayer before making an assessment.

Plaintiff's next two scenarios (qualification for the qualified alternative fuel motor vehicle credit and for a tax-exempt bond for green buildings and sustainable design projects) concern qualifying for a tax benefit, not imposition of a liability. *See* I.R.C. §§ 30B;

---

[1] Forms 1094-C and 1095-C report the number of full-time employees on an applicable large employer's payroll each month; whether the employer offered their employees (and dependents) the opportunity to enroll in minimum essential coverage; the name, address, and taxpayer identification number of each full-time employee on the employer's payroll each month; and the name, address, and taxpayer identification number of each full-time employee covered under the employer's health plan each month. I.R.C. §§6055, 6056; Treas. Reg. §§1.6055-1, 1.6056-1; https://irs.gov/pub/irs-pdf/f1094c.pdf (last visited Sept. 21, 2025); https://irs.gov/pub/irs-pdf/f1095c.pdf (last visited Sept. 21, 2025).

[2] On Form 8962, employees provide information demonstrating their entitlement to the credit that can be reconciled against the information reported by employers. I.R.C. §36B; https://www.irs.gov/pub/irs-pdf/f8962.pdf.

7

142($l$)(4)(A)(i)(I)). In both instances, the burden is on the taxpayer, not the IRS, to show that those criteria have been met. Indeed, the taxpayer—not the IRS—receives the certification directly from the agencies, and must provide that certification to prove its entitlement to the tax benefit. The IRS's authority to assess tax is unaffected; certification merely determines whether the taxpayer qualifies for a benefit, not whether the IRS may assess a liability.

Thus, none of Plaintiff's examples identify a situation in which Congress has displaced the IRS's role in determining tax liabilities by making assessment dependent on another agency, particularly when the IRS is the source of the information necessary for assessment. In interpreting section 4980H, it would be illogical to read the reference to ACA § 1411 as tethering the IRS's ESRP assessment authority to the actions of the HHS. Such a result is out of step with the rest of the Internal Revenue Code.

## Conclusion

Because the IRS's pre-assessment Letter 226-J to Plaintiff satisfied the certification requirement of I.R.C. § 4980H, the IRS's assessment against Plaintiff was proper, and the Court should grant summary judgment for the United States.

Dated: November 21, 2025

/s/ *Daniel B. Causey, IV*
DANIEL B. CAUSEY, IV
SC Bar No. 104035
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-1427 (v)
202-514-4963 (f)
Daniel.B.Causey@usdoj.gov

Of Counsel:
Jason A. Reding Quiñones
United States Attorney
Southern District of Florida

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2025, I filed this document via CM/ECF, which will serve counsel of record for Plaintiff.

*<u>/s/ Daniel B. Causey, IV</u>*
Daniel B. Causey, IV
Trial Attorney, Tax Division
U.S. Department of Justice

9