## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 25-cv-20723-JB/Torres

SUPREME LINEN SERVICES, INC.,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## OMNIBUS ORDER ON
## CROSS MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff Supreme Linen Services Inc.'s Motion for Summary Judgment, and Defendant United States' Cross-Motion for Summary Judgment. ECF Nos. [18], [19]. The parties filed a Joint Statement of Undisputed Material Facts. ECF No. [14]. Each party also filed a Response to the opposing party's motion and a reply in support of its own motion. ECF Nos. [19], [20], [25]. The Court held oral argument on January 22, 2026. ECF No. [30]. Upon careful consideration of the parties' written submissions and argument of counsel, the pertinent portions of the record, and the relevant authorities, it is hereby **ORDERED AND ADJUDGED** that the United States' Cross-Motion for Summary Judgment is **GRANTED,** and Supreme Linen's Motion for Summary Judgment is **DENIED**.

1

## I.      INTRODUCTION

This is an action for refund of an excise tax that Supreme Linen paid to the Internal Revenue Service ("IRS") for tax year 2018.  The excise tax at issue is the Employer Shared Responsibility Payment ("ESRP") which the IRS assessed against Supreme Linen for failure to offer its full-time employees minimum health insurance coverage as required by the Patient Protection and Affordable Care Act ("ACA").  The parties agree that the sole issue before the Court is whether, as of March 21, 2022, the IRS had authority to assess the ESRP against Supreme Linen under 26 U.S.C. § 4980H for tax year 2018.  ECF No. [18] at 1.  The answer to that question is a matter of statutory interpretation and centers on the intersection of two statutes: Section 1411(e) of the ACA and Section 4980H(a) of the Internal Revenue Code ("I.R.C.").  For the reasons explained below, the Court concludes that the IRS had the authority, pursuant to I.R.C. § 4980H, to assess the ESRP at issue.

## II.      FACTUAL BACKGROUND

The material facts are undisputed.  During the relevant period, Supreme Linen was an applicable large employer ("ALE") within the meaning of I.R.C. § 4980H.  *See* Joint Statement of Undisputed Material Facts, ECF No. [14] ¶ 7.  Supreme Linen did not offer health insurance coverage to its full-time employees for the first seven months of 2018 (i.e., January through July).  *Id.* ¶ 8.  During each of those months, between 43 and 57 of Supreme Linen's full-time employees were allowed the premium tax credit ("PTC") authorized under the ACA, *id.*, which is provided to eligible individuals and families to help cover the cost of a qualified health plan they

purchased through an American Health Benefit Exchange ("Exchange").  *See* 26 U.S.C. § 36B, 42 U.S.C. § 18031(b)(1).  In August 2018, Supreme Linen began offering qualifying health insurance to its full-time employees.  ECF No. [14] ¶ 9.

### A. HHS Determines That a Supreme Linen Employee Was Eligible for Advance Payment of the PTC.

On or about November 2, 2017, with respect to the year 2018, the United States Department of Health and Human Services ("HHS") determined that a Supreme Linen employee was eligible for advance payment of the PTC and had enrolled in a qualified health plan through an Exchange. *Id.* ¶ 10.  For tax year 2018, neither HHS nor a federally-facilitated or State-based Exchange notified Supreme Linen that it had determined that one of Supreme Linen's employees was purportedly eligible for an advance payment of the PTC or that Supreme Linen had the right to appeal that determination.  *Id.* ¶¶ 11, 12d.  Specifically, Supreme Linen was not given notice that: (i) identified the Supreme Linen employee eligible for an advance payment of the PTC; (ii) indicated that the employee had been determined eligible for advance payments of the PTC and had enrolled in a qualified health plan through the Exchange; or (iii) indicated that, if Supreme Linen had 50 or more full-time employees, it may be liable for the tax assessed under section 4980H of the IRC, namely the ESRP. *Id.* ¶ 12a.–c.  In addition, for tax year 2018, Supreme Linen was never given an opportunity to appeal the foregoing determinations with HHS or a federally-facilitated Exchange in which it was offered access to "the name of an employee and whether or not the employee's income is above or below the threshold

by which the affordability of an employer's health insurance coverage is measured."
*Id*. ¶ 13.

### B. The IRS Proposes and Assesses an ESRP for Tax Year 2018.

On March 5, 2021, the IRS issued a Letter 226-J to Supreme Linen proposing an ESRP of $184,436.82 for tax year 2018.  ECF No. [14-2] at 3–15.  Although Supreme Linen disputes that the IRS mailed Letter 226-J because it does not have a record of receiving it, ECF No. [14] ¶ 15, there is no dispute that the IRS sent and Supreme Linen received a Proposed ESRP Follow Up Letter 5040-J dated July 5, 2021, which included Letter 226-J as an attachment thereto.  *Id*. ¶ 16.  The Letter 226-J states in pertinent part that:

> This letter certifies, under Section 1411 of the Affordable Care Act, that for at least one month in the year, one or more of your full-time employees was enrolled in a qualified health plan for which a PTC was allowed.

ECF No. [14-2] at 3.[1]  The Letter 226-J advised Supreme Linen that if it disagreed with the proposed ESRP, it should complete the enclosed Form 14764 ESRP Response and, among other things, "[i]nclude a signed statement explaining why you disagree with part or all of the proposed ESRP.  You may include documentation supporting your statement."  *Id*. at 4.  The Letter 226-J also included a Form 14765 Employee PTC Listing which identified the name and truncated social security number of each employee who was allowed a PTC and upon whom the proposed ESRP calculation

---

[1] The parties have stipulated to the validity, authenticity, and admissibility of all exhibits attached to their Joint Statement of Undisputed Material Facts.  ECF No. [14] ¶ 24.

was based.  *Id.* at 4, 6–8, 11–15.

On March 21, 2022, the IRS assessed an ESRP tax against Supreme Linen for the 2018 tax year in the amount of $184,436.82 (the "2018 ESRP").  ECF No. [14] ¶ 17.  Supreme Linen does not dispute the calculation of the tax amount owed.  *Id.* ¶ 18.  As of October 6, 2023, Supreme Linen fully paid the total 2018 ESRP plus interest.  *Id.* ¶ 19.

### C. **Supreme Linen Seeks a Refund of the Amounts Paid.**

On March 14, 2024, Supreme Linen timely filed a Form 843 and supporting letter with the IRS requesting a refund of the amounts it paid in satisfaction of the 2018 ESRP.  *Id.* ¶ 20.  In its correspondence, Supreme Linen argued that the IRS did not provide it with the proper certification before assessing the 2018 ESRP under I.R.C. § 4980H.  *Id.*

On August 12, 2024, the IRS sent Supreme Linen a Letter 5985 denying the refund claim.  *Id.* ¶ 21.  In response to Supreme Linen's assertion that the IRS did not provide proper certification under Section 4980H, the IRS stated:

> The Department of Health and Human Services (HHS) regulations at 45 C.F.R. § 155.[3]10(i) provide that as part of its determination of whether an employer has a liability under section 4980H of the Internal Revenue Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a Qualified Health Plan for which a premium tax credit or cost-sharing reduction is allowed or paid. The Letter 226J is the ALE's certification under section 1411 of the Affordable Care Act.

*Id.*; ECF No. [14-4] at 4.

The Letter 5985 provided Supreme Linen with an opportunity to request a conference with the IRS Independent Office of Appeals ("IRS Appeals") to challenge the 2018 ESRP assessment. *Id.* ¶ 22. Supreme Linen did so and, on September 11, 2024, requested IRS Appeals consideration with respect to the IRS's determination that it would not adjust the 2018 ESRP, and thus not issue a refund. *Id.* ¶ 23. The parties engaged in an appeals conference and determined that a resolution could not be reached. *Id.* To date, the IRS has not issued a notice formally allowing or disallowing Supreme Linen's refund claim. *Id.* ¶¶ 4, 23.

## III.   THE INSTANT MOTIONS

### A.  Plaintiff's Motion for Summary Judgment

Supreme Linen filed a Motion for Summary Judgment arguing that it is entitled to a tax refund as a matter of law because the IRS did not have authority to assess the 2018 ESRP. ECF No. [18]. According to Supreme Linen, "there is a legislative edict: a certification under Section 1411 of the ACA must precede an IRS ESP assessment" and "[b]ecause no Section 1411 Certification was properly issued to [Supreme Linen], the IRS did not have authority to assess the 2018 ESRP." *Id.* at 2–3. Supreme Linen relies upon the language of Section 4980H which provides that an ESRP may be imposed when two conditions are met, one of which is that "at least one full-time employee of the applicable large employer has been certified to the employer under section 1411 of the Patient Protection and Affordable Care Act as having enrolled for such month in a qualified health plan with respect to which an applicable [PTC] or cost-sharing reduction is allowed or paid with respect to the employee." *Id.*

6

at 9.  Supreme Linen argues that this language demonstrates that Supreme Linen's "liability under I.R.C. § 4980H is contingent upon a prior certification under Section 1411 of the ACA," which was never issued.  *Id.* at 8–9.

Supreme Linen also argues that the language of Section 1411 and a United States Department of Treasury Regulation, 26 C.F.R. § 54.4980H-1(a)(40), reflect that a "Section 1411 Certification" can only be issued by HHS or an Exchange, not the IRS.  *Id.* at 10–12.  Finally, Supreme Linen argues that even if the IRS can issue a Section 1411 Certification, Letter 226-J is insufficient to constitute a Section 1411 Certification because it was not issued within a reasonable timeframe, did not provide Supreme Linen with a separate non-IRS appeals process, and did not contain the information required by Section 1411 and its corresponding regulation.  *Id.* at 12–14.

Supreme Linen directs the Court to a recent opinion from the Northern District of Texas which supports its position, *Faulk Company v. Becerra*.  *Id.* at 15–18.  In *Faulk Company*, the court granted summary judgment to the taxpayer where, as here, the only certification issued prior to an ESRP assessment was the IRS's Letter 226-J.  777 F. Supp. 3d 714, 726 (N.D. Tex. 2025).  The *Faulk Company* court found that "the IRS failed to satisfy the certification requirement in I.R.C. § 4980H" because "[t]he required certification must come from HHS as directed by the statutory language."  *Id.* at 720.    The *Faulk Company* court also held that 45 C.F.R. § 155.310(i), which is the regulation the IRS relied upon in its Letter 5985 sent in response to Supreme Linen's refund claim, is "void and unenforceable for exceeding statutory authority."  *Id.* at 726.  Supreme Linen urges this Court to adopt the same

conclusions as the court in *Faulk Company*.

## B. Defendant's Response and Cross-Motion for Summary Judgment.

The Government filed a Response and Cross-Motion for Summary Judgment. ECF No. [19]. The Government contends that it is entitled to judgment in its favor because the IRS's Letter 226-J fulfills the certification requirement set forth in Section 4980H and, thus, the 2018 ESRP assessed against Supreme Linen is valid. *Id.* at 6. The Government reasons that, pursuant to I.R.C. § 7801(a)(1), the IRS has exclusive authority over the administration and enforcement of the I.R.C. absent an express delegation of authority and, "[b]ecause section 4980H is in Title 26 [i.e., the I.R.C.], the default rule is that the IRS administers its provisions." *Id.* at 12–13.

The Government further argues that Supreme Linen "conflates the certification described in I.R.C. § 4980H with the notification process required in ACA § 1411(e)(4)," which have procedural and substantive differences, as well as serve different purposes. *Id.* at 15–16. The Government also asserts that Section 4980H(a) and Section 1411(e) use different terms, namely "certified" and "notify" respectively, which convey differences in meaning. *Id.* at 16–18. The Government does acknowledge, as it must, that Section 4980H contains the phrase "under Section 1411 of the [ACA]," but contends that the "better reading" of the statute given the "statutory text and structure" is that "Section 4980H incorporates only the eligibility standards of ACA § 1411, leaving the certification before tax assessment with the IRS." *Id.* at 18–19.

Finally, the Government argues that *Faulk Company* was wrongly decided. *Id.* at 22–24. The Government posits that *Faulk Company* was premised on the notion that the IRS needed a delegation from HHS to issue the required certification, which is incorrect because the IRS has exclusive authority to administer the I.R.C., including Section 4980H, based upon I.R.C. § 7801. *Id.* at 23. The Government further asserts that this Court should not follow the reasoning in *Faulk Company* because the decision "inject[s] ambiguity" into the statutes. *Id.* at 23.

## IV.     LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As mentioned, the parties agree that there are no material facts in dispute. "When the only question a court must decide is a question of law, summary judgment may be granted." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

## V.      ANALYSIS

The Court begins, as it must, with the language of I.R.C. § 4980H(a). Section 4980H(a) states as follows:

> (a) "Large employers not offering health coverage. If—
>
> > (1)   any applicable large employer fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan (as defined in section 5000A(f)(2)) for any month, and
> >
> > (2)   at least one full-time employee of the applicable large employer *has been certified to the employer under section 1411 of the Patient Protection and Affordable*

> *Care Act* as having enrolled for such month in a
> qualified health plan with respect to which an
> applicable premium tax credit or cost-sharing reduction
> *is allowed or paid* with respect to the employee,

> then there is hereby imposed on the employer an assessable
> payment equal to the product of the applicable payment amount
> and the number of individuals employed by the employer as full-
> time employees during such month.

26 U.S.C. § 4980H(a) (emphasis added).  Supreme Linen does not challenge the first

prong of Section 4980H.  ECF No. [18] at 8.   Instead, the parties' dispute centers on

the second prong, and more specifically, which agency must issue the certification

referenced in Section 4980H(a): the IRS or HHS.  Section 4980H itself is silent as to

whether the IRS or HHS is responsible for issuing the required certification.  To date,

no Circuit Court of Appeals has addressed the question before the Court.

Section 1411 states in pertinent part:

> Employer Affordability – If the Secretary [of Health and Human
> Services] *notifies* an Exchange that an enrollee *is eligible* for a
> premium tax credit under section 36B of title 26 or cost-sharing
> reduction under section 18071 of this title because the enrollee's
> (or related individual's) employer does not provide minimum
> essential coverage through an employer-sponsored plan or that
> the employer does provide that coverage but it is not affordable
> coverage, *the Exchange shall notify the employer of such fact* and
> that the employer may be liable for the payment assessed under
> section 4980H of title 26. (Emphasis added).

42 U.S.C. § 18081(e)(4)(B)(iii) (emphasis supplied).   The term "Section 1411

Certification" is not mentioned in either statute.   Rather, it is found in Treasury

Regulation 26 C.F.R. § 54.4980H-4, which states:

> If an applicable large employer member fails to offer to its full-
> time employees (and their dependents) the opportunity to enroll
> in minimum essential coverage under an eligible employer-
> sponsored plan for any calendar month, and the applicable large

10

> employer member *has received a Section 1411 Certification* with
> respect to at least one full-time employee, an assessable payment
> is imposed.

26 C.F.R. § 54.4980H-4(a) (emphasis added).  Another provision of this regulation,

specifically 26 C.F.R. § 54.4980H-1, defines the term "Section 1411 Certification."  It

states:

> The term Section 1411 Certification means the certification
> received *as part of the process established by the Secretary of
> Health and Human Services* under which an employee is certified
> to the employer under section 1411 of the Affordable Care Act as
> having enrolled for a calendar month in a qualified health plan
> with respect to which an applicable premium tax credit or cost-
> sharing reduction is allowed or paid with respect to the employee.

26 C.F.R. § 54.4980H-1(a)(40) (emphasis supplied).  Given these regulations, the

certification required by Section 4980H is a Section 1411 Certification, which must

be received by the ALE before an ESRP can be imposed.

Supreme Linen argues that "[t]o be 'certified under Section 1411 of the ACA,'"

as stated in Section 4980H, "a Section 1411 Certification must be issued by either the

HHS or an Exchange"[2] and because "[i]t is not disputed that neither HHS nor the

Exchange issued a Section 1411 Certification to [Supreme Linen]," the 2018 ESRP "is

invalid." *Id.* at 10, 12.  The premise of Supreme Linen's argument is that a Section

1411 Certification is the same as the notice required by Section 1411(e) of the ACA

and, as such, only HHS can issue a Section 1411 Certification which must include the

required contents of notice issued pursuant to Section 1411(e).  As explained below,

Supreme Linen's position runs counter to the plain language of the applicable

---

[2] HHS operates the Exchange for Florida.  *See* ECF No. [19] at 8 n.3.

statutes and principles of statutory construction.

### A. The IRS is the Agency Responsible for Issuing the Certification Required by Section 4980H.

Supreme Linen relies upon three grounds to argue that HHS, not the IRS, must issue a Section 1411 Certification: (i) the definition of "Section 1411 Certification" set forth in 26 C.F.R. § 54.4980H-1(a)(40), (ii) the statutory language "under section 1411 of the [ACA]" set forth in Section 4980H, and (iii) a written exchange that took place during the notice-and-comment period.   ECF Nos. [18] at 11–12, [20] at 2–6.  For its part, the Government relies upon the Internal Revenue Code to argue that only the IRS has the authority to issue the certification required by Section 4980H.  For the reasons explained below, the Court agrees with the Government that only the IRS has the authority to issue the certification required by Section 4980H.

#### 1. The Authority to Administer Section 4980H, including the Certification Required Therein, Belongs to the IRS.

Section 7801 of the I.R.C. states that "[e]xcept as otherwise expressly provided by law, the administration and enforcement of this title shall be performed by or under the supervision of the Secretary of the Treasury."  26 U.S.C. § 7801(a)(1). Further, Section 7803 of the I.R.C. provides that the Commissioner of Internal Revenue "shall have such duties and powers as the Secretary [of the Treasury] may prescribe, including the power to— administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws or related statutes . . . ."  26 U.S.C. § 7803(a)(2)(A).  Given that the ESRP is codified in Section 4980H of the I.R.C., the foregoing provisions plainly establish that absent an express

12

delegation of authority to another agency, the authority to administer Section 4980H and the certification contained therein lies with the IRS.  *Id.*; *see also, La Mura v. United States*, 765 F.2d 974, 979 n.6 (11th Cir. 1985) ("Responsibility for the administration and enforcement of the revenue laws is vested in the Secretary of the Treasury. The IRS, however, is organized to carry out these responsibilities for the Secretary.") (citations omitted).

Supreme Linen does not identify an express delegation of authority to HHS to administer Section 4980H or the required certification.  Rather, Supreme Linen's position assumes that such authority actually originates with HHS.  Supreme Linen argues that "[n]owhere does [Section 1411(e)] allow the IRS to issue a Section 1411 Certification" and "[n]either the statutes . . . nor the definition of a Section 1411 Certification under the Treasury Regulation contemplate that the IRS can supplant the authority given to the HHS and the Exchange and create its own Section 1411 Certification."  ECF No. [18] at 11.  Supreme Linen's position is not supported by the plain language of the operative regulations.  Based upon the plain language of I.R.C. §§ 7801 and 7803, authority to administer Section 4980H rests with the IRS unless and until it is delegated to another agency.  *See e.g., La Mura*, 765 F.2d at 979 n.6. Stated differently, HHS had no authority to delegate to the IRS with respect to issuing a Section 1411 Certification because that authority originated—and remained—with the IRS.[3]

---

[3] On this point, the Court is not persuaded by the reasoning of *Faulk Company* because the court did not address I.R.C. §§ 7801 and 7803 or reconcile its conclusion with those statutes. 777 F. Supp. 3d 714, 719–723 (N.D. Tex. 2025).

> 2. *The IRS Has Not Delegated its Authority to Administer Section 4980H, including the Certification Required Therein, Nor is the IRS's Authority to Assess an ESRP Conditioned on a Certification by HHS.*

Supreme Linen acknowledges that the IRS has authority to administer the Internal Revenue Code, but argues that the IRS's authority is often conditioned upon the actions of another agency. ECF No. [20] at 3–6. According to Supreme Linen, Section 4980H is one of those instances such that the IRS's assessment of an ESRP is conditioned upon HHS's issuance of a Section 1411 Certification. *Id.* The plain language of the statute does not support this position. Specifically, Section 4980H states in pertinent part that an ESRP is imposed "[i]f . . . at least one full-time employee of the [ALE] has been certified to the employer *under Section 1411* of the [ACA] . . . as having enrolled in a qualified health plan with respect to which an applicable [PTC] . . . is allowed or paid with respect to the employee." 26 U.S.C. § 4980H(a) (emphasis added). As explained below, this language is not sufficiently specific to demonstrate that Congress intended for HHS to issue the required certification.

Supreme Linen points to Section 6305 of the I.R.C. which gives the IRS authority to collect overdue child and spousal support as an example in support of its position. ECF No. [20] at 4. Section 6305 states in pertinent part:

> Upon receiving a certification *from the Secretary of Health and Human Services, under section 452(b)* of the Social Security Act with respect to any individual, the Secretary shall assess and collect the amount *certified by the Secretary of Health and Human Services*, in the same manner, with the same powers, and (except as provided in this section) subject to the same limitations as if such amount were a tax imposed by subtitle C the collection of which would be jeopardized by delay

. . .

26 U.S.C. § 6305(a).  However, the differences between the language used in Section 6305(a) and Section 4980H(a) are striking.  First, Section 6305(a) specifically identifies the Secretary of HHS as the individual responsible for issuing the certification referenced therein.  *Id*.  Section 4980H(a) does not.  *See* 26 U.S.C. § 4980H(a)(2).

Second, Section 6305(a) identifies the particular subsection of the referenced statute pursuant to which the certification is issued, namely "section 452*(b)* of the Social Security Act."  26 U.S.C. § 6305(a).  Section 4980H(a) identifies Section 1411 generally, rather than a particular subsection, such as Section 1411(e).  *See* 26 U.S.C. § 4980H(a)(2) ("at least one full-time employee of the [ALE] has been certified to the employer under section 1411 of the [ACA] . . .").  Indeed, the specificity used in Section 6305(a) demonstrates that when Congress intends to condition the IRS's authority to act on the issuance of certification by another agency, including HHS, it clearly says so.  Section 4980H(a) contains no such clarity.

Finally, the statute identified in Section 6305(a), namely Section 452(b) of the Social Security Act, explicitly uses the term "certification" or "certify" when describing the duties of the Secretary of HHS, and Section 452(b) is titled "Certification of child support obligations to Secretary of the Treasury for collection." 42 U.S.C. § 652(b).  By contrast, Section 1411(e), as discussed *infra*, uses the term "notify" rather than "certify," and makes no mention of the Secretary of the Treasury. *See* 42 U.S.C. § 18081(e)(4)(B)(iii).

The same infirmities exist with respect to 26 C.F.R. § 54.4980H-1, the Treasury

15

Regulation that Supreme Linen relies upon.  As mentioned, this regulation defines "Section 1411 Certification" to mean "the certification received as part of the process established by the Secretary of Health and Human Services under which an employee is certified to the employer under section 1411 of the Affordable Care Act as having enrolled for a calendar month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee."  26 C.F.R. § 54.4980H-1(a)(40).  The definition of a Section 1411 Certification does not state that the Secretary of HHS issues the certification or that the IRS receives a certification from HHS.  Nor does 26 C.F.R. § 54.4980H-1(a)(40) refer to a specific subsection of Section 1411.

Moreover, inclusion of the phrase "under section 1411 of the [ACA]" in Section 4980H does not establish that HHS must issue the Section 1411 Certification.  The Court is mindful that when "interpret[ing] statutory language, we must 'give effect, if possible, to every clause and word of a statute.'"  *Hernandez v. Plastipak Packaging, Inc.*, 15 F. 4th 1321, 1328 (11th Cir. 2021) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).  However, the Court must also give effect to Sections 7801 and 7803 of the I.R.C., which provide that "except as otherwise expressly provided by law," administration of the Internal Revenue Code rests with the Secretary of the Treasury and the IRS as his designee.

In order to comply with these dictates, the Court concludes that the correct reading of Section 4980H(a) is that the phrase "has been certified to the employer under Section 1411 of the [ACA]" incorporates the eligibility standards set forth in

16

Section 1411, meaning that the employee at issue in the certification required by Section 4980H is one who meets the eligibility requirements set forth in Section 1411. Stated differently, a Section 1411 Certification issued to an employer pursuant to Section 4980H attests that a full-time employee has met the eligibility requirements set forth under Section 1411, has enrolled in a qualified health plan, and has been allowed or paid a PTC.  This is consistent with the definition of a Section 1411 Certification set forth in 26 C.F.R. § 54.4980H-1(a)(40).  As mentioned, a Section 1411 Certification is "the certification received as part of the process established by the Secretary of Health and Human Services under which an employee is certified to the employer under section 1411 of the Affordable Care Act . . .," *id*., and that process, as the title of Section 1411 reflects, is the eligibility process.  *See* 42 U.S.C. § 18081 ("Procedures for determining *eligibility* for Exchange participation, premium tax credits and reduced cost sharing, and individual responsibility exemptions.") (emphasis supplied).  Nothing in the language of Section 4980H or 26 C.F.R. § 54.4980H-1(a)(40) requires that HHS, rather than the IRS, issue the Section 1411 Certification.

For the foregoing reasons, the Court concludes that neither the phrase "under section 1411 of the [ACA]" as stated in Section 4980H nor 26 C.F.R. § 54.4980H-1(a)(40) delegates authority from the IRS to HHS to issue the Section 1411 Certification or conditions the IRS's assessment of an ESRP on HHS's issuance of a Section 1411 Certification.

3. *The ACA Regulations Do Not Establish that HHS is Responsible for Issuing the Certification Required in Section 4980H.*

Lastly, Supreme Linen relies upon a written exchange during the notice-and-comment period to argue that HHS is responsible for issuing a Section 1411 Certification.  ECF No. [18] at 11.  The exchange is as follows:

> *Comment*: One commenter suggested the IRS, and not HHS, effectuate the notice described in § 155.310(h) because (1) IRS has information about employers subject to free rider assessments, and (2) IRS maintains a database of employer contacts for the transmission of sensitive personal information . . .

> *Response*: Section 1411(e)(4)(B)(iii) provides that this notice must be provided to employers by Exchanges in connection with certain eligibility determination. It is not within the discretion of the Secretary to shift responsibility for provision of this notice to the IRS . . .

77 F.R. 18310 at 18357 (March 27, 2012).  Supreme Linen's argument is flawed because the foregoing does not address Section 4980H.  Rather, it concerns the notice described in Section 1411(e) and its related regulation, 45 C.F.R. § 155.310(h).  This regulation requires an Exchange to notify an employer that an employee has been determined eligible for advanced payments of the PTC.  *Id*. ("Notice of an employee's receipt of advance payments of the premium tax credit and cost-sharing reductions to an employer. The Exchange must notify an employer that an employee has been determined eligible for advance payments of the premium tax credit and cost-sharing reductions and has enrolled in a qualified health plan through the Exchange within a reasonable timeframe following a determination that the employee is eligible for advance payments of the premium tax credit and cost-sharing reductions in accordance with § 155.305(g) or § 155.350(a) and enrollment by the employee in a

qualified health plan through the Exchange.").   It does not mention the term "certification" or Section 4980H.

However, another provision of 45 C.F.R. § 155.310, specifically § 155.310(i), does do so.  It states:

> Certification program for employers. As part of its determination of whether an employer has a liability *under section 4980H of the Code, the Internal Revenue Servic*e will adopt methods *to certify* to an employer that one or more employees has enrolled for one or more months during a year in a QHP for which a premium tax credit or cost-sharing reduction is allowed or paid.

45 C.F.R. § 155.310(i) (emphasis added).  This regulation tracks the language of Section 4980H, explicitly references the ESRP statute, and makes clear that the IRS is responsible for certifying the required information to the employer.   As such, 45 C.F.R. § 155.310(i) is consistent with the Court's conclusion that the IRS is the agency responsible for issuing the Section 1411 Certification.[4]

For the reasons set forth above, the Court concludes that the IRS, not HHS, has the authority to issue the certification required by Section 4980H.

## B. The Certification Required by I.R.C. § 4980H is Not the Same as the Notice Required by ACA § 1411.

Supreme Linen also argues that "[t]o treat a Letter 226J as meeting the requirements of a Section 1411 Certification would render the words 'under section 1411' in I.R.C. § 4980H meaningless."  ECF No. [18] at 10.  This argument rests on

---

[4] The Court recognizes that the district court in *Faulk Company* set aside 45 C.F.R. § 155.310(i) as "void and unenforceable."  777 F. Supp. 3d at 726.  Supreme Linen did not seek such relief in its Complaint or provide any meaningful analysis of the issue in its Motion.  In any event, the Court is not persuaded by the reasoning set forth in *Faulk Company* and declines to follow it here.

the premise that the notice set forth in Section 1411(e) of the ACA and the certification required by Section 4980H of the I.R.C. are one in the same.  However, these statutes are replete with meaningful differences in the language used, which reflect that the notice described in Section 1411(e) is not synonymous with the certification described in Section 4980H(a) as Supreme Linen contends.

       *1. "Notify" vs. "Certified"*

One of the most obvious differences between the statutes is that Section 1411(e) speaks in terms of notice to the employer while Section 4980H speaks in terms of certification to the employer.  As mentioned, Section 1411(e)(4)(B)(iii) of the ACA provides that an Exchange "shall *notify* the employer" that the Exchange has received notification from HHS than an employee is eligible for a PTC and that the employer may be liable for an ESRP.  *See* 42 U.S.C. § 18081(e)(4)(B)(iii) ("If the Secretary [of Health and Human Services] notifies an Exchange that an enrollee is eligible for a premium tax credit under section 36B of title 26 or cost-sharing reduction under section 18071 of this title because the enrollee's (or related individual's) employer does not provide minimum essential coverage through an employer-sponsored plan or that the employer does provide that coverage but it is not affordable coverage, the Exchange shall *notify* the employer of such fact and that the employer may be liable for the payment assessed under section 4980H of title 26.") (emphasis supplied).  By contrast, Section 4980H states that an ESRP is assessed if the employer fails to offer qualifying health insurance coverage and "at least one full-time employee of the [ALE] has been *certified* to the employer under section 1411 of

20

the [ACA] as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee . . . ."  26 U.S.C. § 4980H(a)(2) (emphasis added).

"[I]t's a 'fundamental canon of statutory construction' that words generally should be 'interpreted as taking their ordinary . . . meaning . . . at the time Congress enacted the statute.'" *New Prime Inc. v. Oliveira*, 586 U.S. 105, 113 (2019) (citing *Wisconsin Central Ltd. v. United States,* 585 U.S. 274 (2018) (quoting *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)). "Ordinarily, a word's usage accords with its dictionary definition." *Koletas v. United States*, 159 F.4th 813, 818-19 (11th Cir. 2025) (citing *Yates v. United States*, 574 U.S. 528 (2015)).  The term "notify" is defined to mean "[t]o inform (a person or group) in writing or by any method that is understood" or "[t]o give notice of; to make known."  Black's Law Dictionary (9th ed. 2009).[5]  However, the term "certify" is defined to mean "[t]o authenticate or verify in writing" or "[t]o attest as being true or as meeting certain criteria." *Id.*  The ordinary meaning of these terms is plainly different and, thus, undermines Supreme Linen's position that the certification referenced in Section 4980H(a) is the same as the notification referenced in Section 1411(e).   "Because 'a material variation in terms suggests a variation in meaning,' we should give the different words in the statute—["notify"] and ["certified"]—different meanings." *United States v. Webster*, 127 F.4th 318, 323 (11th Cir. 2025) (quoting Antonin Scalia & Bryan A. Garner,

---

[5] Section 1411 of the ACA and Section 4980H of the I.R.C. were enacted in 2010, and the 9th edition of Black's Law Dictionary was in effect from 2009 through 2013.

*Reading Law: The Interpretation of Legal Texts* § 25, at 170 (2012)); *see also Hernandez v. Plastipak Packaging, Inc.*, 15 F. 4th 1321, 1328 (11th Cir. 2021) ("When Congress uses different language in similar sections, we should give those words different meanings.") (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1089 (11th Cir. 2017) (en banc)).

### 2.   *"Eligible" For a PTC vs. a PTC That is "Allowed" or "Paid"*

Next, the two statutes use different terms to trigger the required notification (in Section 1411) and certification (in Section 4980H).  The employer notice in Section 1411(e) is required when HHS notifies an Exchange that an employee is eligible for a PTC.  *See* 42 U.S.C. § 18081(e)(4)(B)(iii) ("If the Secretary [of Health and Human Services] notifies an Exchange that an enrollee is *eligible* for a premium tax credit under section 36B of title 26 or cost-sharing reduction under section 18071 of this title because the enrollee's (or related individual's) employer does not provide minimum essential coverage through an employer-sponsored plan or that the employer does provide that coverage but it is not affordable coverage, the Exchange shall notify the employer of such fact . . . .") (emphasis supplied).   The certification in Section 4980H, on the other hand, is required when a PTC is allowed or paid to an employee who has enrolled in a qualified health plan.  *See* 26 U.S.C. § 4980H(a)(2) ("at least one full-time employee of the [ALE] has been certified to the employer under section 1411 of the [ACA] as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction *is allowed or paid* with respect to the employee . . . .") (emphasis supplied).

The operative terms—"eligible" for a PTC and a PTC that is "allowed" or "paid"—do not have the same meaning.  The difference in this language is plainly obvious as being eligible for something does not mean that one is approved, as the term "allowed" connotes, and is certainly not the same as being paid.  Indeed, the difference is patently clear with respect to a PTC given that an employee's eligibility determination is based upon his projected household income, whereas whether the full PTC is allowed depends upon the employee's actual income reported on his tax return.  *See* 45 C.F.R. § 155.320(c)(3)(ii)(B); 26 C.F.R. § 1.36B–4(a)(2), (4) at Ex. 5 (ii).

The operative terms also affect the substance of the notice and certification required.  Section 1411(e) requires an Exchange to notify the employer that an enrollee is eligible for a PTC.  *See* 42 U.S.C. § 18081(e)(4)(B)(iii) ("If the Secretary [of Health and Human Services] notifies an Exchange that an enrollee is eligible for a premium tax credit . . . the Exchange shall notify the employer of such fact . . . .").  The notice required under Section 1411(e) says nothing about whether the PTC is ultimately allowed or paid.  By contrast, the certification required by Section 4980H informs the employer that a PTC was, in fact, allowed or paid for "at least one-full time employee."  *See* 26 U.S.C. § 4980H(a)(2) ("at least one full-time employee of the [ALE] has been certified to the employer under section 1411 of the [ACA] as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee . . .").  As such, the notice that HHS provides pursuant to Section 1411(e) cannot constitute the certification set forth in Section 4980H because it would omit

23

necessary information that Section 4980H requires be included, namely that a PTC was ultimately allowed or paid.

In short, the criteria used to issue the notice mandated by Section 1411 and the certification mandated by Section 4980H, as well as the content of the notice and certification, are meaningfully different. As such, the notice referenced in Section 1411(e) cannot constitute the certification referenced in Section 1480H(a). *See Webster*, 127 F.4th at 323; *United States v. Alvarez*, 809 F. App'x 562, 569 (11th Cir. 2020) ("The 'preeminent canon of statutory instruction' provides that Congress 'says in a statute what it means and means in a statute what it says.'") (quoting *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004)).

### 3. *Part-Time Employees vs. Full-Time Employees*

Further, the language of the two statutes reflects that different employee classifications trigger the notice or certification required therein. Section 1411(e) as written requires notice to the employer when "an enrollee" is eligible for a PTC. *See* 42 U.S.C. § 18081(e)(4)(B)(iii) ("If the Secretary [of Health and Human Services] notifies an Exchange that an enrollee is eligible for a premium tax credit . . . the Exchange shall notify the employer of such fact . . . ."). Section 1411 defines the term "enrollee" to mean each individual who is covered under a qualified health plan. *Id.* at § 18081(b)(1)(A) ("An applicant for enrollment in a qualified health plan offered through an Exchange in the individual market shall provide-- the name, address, and date of birth of each individual who is to be covered by the plan (in this subsection referred to as an "enrollee")). In defining an enrollee, Section 1411 does not make

any distinction between part-time and full-time employees, nor does Section 1411(e). That is, notification is required under Section 1411(e) even if the enrollee is a part-time employee.

The same is not true with respect to Section 4980H. The certification set forth in Section 4980H is only required when "at least one full-time employee" of the ALE has enrolled in a qualified health plan for which a PTC is allowed or paid. *See* 26 U.S.C. § 4980H(a)(2) ("at least one full-time employee of the [ALE] has been certified to the employer under section 1411 of the [ACA] as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee . . . ."). Given the different circumstances under which notice pursuant to Section 1411(e) and certification pursuant to Section 4980H is required, the Court cannot conclude that the notice set forth in Section 1411(e) constitutes the certification set forth in Section 4980H(a).

For the foregoing reasons, the Court concludes that the certification required by Section 4980H (i.e., a Section 1411 Certification) is not synonymous with the notice required by Section 1411(e).

## C. HHS's Role Under Section 1411(e) Applies in Limited Circumstances.

There are two circumstances under which a taxpayer can obtain the benefit of a PTC: (i) when advance payments of the PTC are made to the insurer on behalf of the taxpayer or (ii) when the taxpayer claims the PTC on his income tax return. *See* 26 U.S.C. § 36B; 42 U.S.C. § 18082. Section 1411(e) applies only in the former

circumstance, as its implementing regulation makes clear.  In particular, 45 C.F.R. §
155.310(h) states that "[t]he Exchange must notify an employer that an employee has
been determined eligible for *advance payments* of the [PTC] . . ." and specifies the
content of the required notice, including that it must "[i]ndicate that the employee
has been determined eligible for *advance payments* of the [PTC] . . . and has enrolled
in a qualified health plan through [an] Exchange."  45 C.F.R. § 155.310(h) (emphasis
supplied).  Indeed, this subsection is titled "Notice of an employee's *receipt of advance
payments* of the [PTC] . . . to an employer."  *Id.* (emphasis supplied).

Neither Section 1411(e) nor its implementing regulation requires HHS to
provide notice when an employee merely claims the PTC on his income tax return.
In this circumstance, as the Government explains, the IRS determines whether a
PTC is allowed by "matching the [employee's tax] return against the information
returns [Forms 1094-C and 1095-C] filed by the employer."  ECF No. [19] at 21.  Given
that Section 1411(e) by its terms does not apply when an employee only claims a PTC
on his tax return, HHS cannot be charged with issuing a Section 1411 Certification
to the employer, nor can the content of a Section 1411 Certification be the same as
notice required under Section 1411(e).  The foregoing supports the Court's conclusion
that the IRS is the agency with authority to issue a Section 1411 Certification, which
is substantively different than a Section 1411(e) notice.

### D. The IRS's Letter 226-J to Supreme Linen Satisfies the Certification Requirement of Section 4980H.

As mentioned, Section 4980H requires that "at least one full-time employee of
the [ALE] has been certified to the employer . . . as having enrolled for such month in

26

a qualified health plan with respect to which an applicable [PTC] . . . is allowed or paid with respect to the employee."  26 U.S.C. § 4980H(a)(2); *see also* 26 C.F.R. § 54.4980H-1(a)(40).  The Letter 226-J that the IRS sent to Supreme Linen contains this information.  In particular, the Letter 226-J identified, for each month in 2018, the name and truncated social security number of each full-time employee who was allowed a PTC and upon whom the proposed ESRP calculation was based.  ECF No. [14-2] at 11–15.  The Letter 26-J also expressly stated that "[t]his letter certifies, under Section 1411 of the Affordable Care Act, that for at least one month in the year, one or more of your full-time employees was enrolled in a qualified health plan for which a PTC was allowed."  *Id.* at 3.

Supreme Linen argues that the Letter 226-J is insufficient because it is untimely and does not contain the information required in 45 C.F.R. § 155.310(h) or provide the appeals process set forth in Section 1411(f)(2).  ECF No. [18] at 12–14.  This argument is misplaced because, for the reasons set forth above, the certification required by Section 4980H is not the same as the notice required by Section 1411(e) and, thus, 45 C.F.R. § 155.310(h) and Section 1411(f)(2) are inapplicable.  Section 4980H nowhere states that the required certification be sent within a "reasonable timeframe" as stated in 45 C.F.R. § 155.310(h) or include the information required by 45 C.F.R. § 155.310(h) or Section 1411(f)(2).  Nor does the corresponding Treasury Regulation, 26 C.F.R. § 54.4980H-4.  This regulation states that:

> If an applicable large employer member fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan for any calendar month, and the applicable large

27

> employer member has received a Section 1411 Certification with respect to at least one full-time employee, an assessable payment is imposed.

26 C.F.R. § 54.4980H-4(a).  Again, there is no mention of a particular timeframe in which the Section 1411 Certification must be sent or that it must include the information set forth in 45 C.F.R. § 155.310(h) and Section 1411(f)(2).

For the foregoing reasons, the Court concludes that the Letter 226-J constitutes a Section 1411 Certification.  It is undisputed that the IRS sent Letter 226-J, and Supreme Linen received it before the IRS assessed the 2018 ESRP.  ECF No. [14] at ¶¶ 16–17.  Accordingly, the IRS's ESRP assessment against Supreme Linen for tax year 2018 is valid.

## VI.      CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. [18], is **DENIED**, and the United States' Cross-Motion for Summary Judgment, ECF No. [19], is **GRANTED**.  The Court will separately enter final judgment in favor of the United States.  The Clerk is directed to **CLOSE** this case, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of February, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**